LipsCOMjB, J.
Prom the view we have 1 alcen of this ease it is not considered material to look beyond the proceeding's of the District Conrt.
It appears that a balance to a very large amount had been struck by the probate judge against the administrator. He was not present when the account was struck by the probate judge; he had however been cited to appear and render in his account. lie applied to the judge of the District Conrt for a certiorari to take the case into the District Court, and rested his application on grounds that seem to be sufficient. Although ho liad been cited to appear, yet from circumstances that ordinary care and foresight could not have anticipated, lie was not present in person or by his counsel, and the proceedings against him were therefore in point of fact ex parte. After the ease had been taken to the District Court by certiorari, that court after hearing argument reversed the decree or order of the Probate Court, and remande'd the cause without instructions or showing the grounds for so remanding it.
Tlie judgment of the District Court was appealed from, and it is assigned for error that tlie judgment ^erroneous. We believe that this assignment is well taken and that it must be sustained. By the loth section of tlie, judicial department of the State Constitution, it is provided as follows, i. e.: “Tlie “District Courts shall have original and appellate jurisdiction and general “control over the said inferior tribunals, and original jurisdiction aiul cou- “ trol over executors, administrators, guardians, and minors under such regulations as maybe prescribed bylaw.” (Hart. Dig., p. 61.) It would seem that after conferring the jurisdiction it left the mode of exercising l bat jurisdiction to bo prescribed by the Legislature. Tlie action of tlie Legislature on tlie subject will be found in the 64M article, Hartley’s Digest. ' It is as follows : “The District Court shall have and exercise appellate jurisdiction ami ■“general control over such inferior tribunals as have or may bo established in “ each county for appointing guardians, granting letters testamentary and of “administration, for settling the accounts of executors, administrators, and “guardians, and for tlie transaction of business appertaining to estates, and ■‘•original jurisdiction in probate matters only in cases where, tlie, judge or “clerk of probate is interested.” It will be seen that legislation oil tins'subject is not explicit; and it may be doubtful whether tlie object of the Constitution has been carried in its effect. It lias never been decided, in express terms, that the original jurisdiction given to the District Court by the Constitution can be exercised in the absence of express legislation, yet in the case of Chevallier v. Wilson and Wife, (1 Tex. R., 164,) such an exercise of jurisdiction was acted upon in this court, and not repudiated nor affirmed, the case resting upon its peculiar features. In the case, of Long et al. v. Wortham (4 Tex. R., 381) tlie original jurisdiction of tlie District Court was sustained in suspending an executor aud appointing a receiver, and tlie exercise, of jurisdiction seems to have been rested on the Constitution; section cited. That tlie conclusion of tlie court was right, there, can he no doubt, although it may well be doubted whether it was placed on the true ground, as the general jurisdiction of the court, independent of tlie provision cited, would liave authorized it to interpose on tlie ground of fraud charged and a squandering of the assets of the intestate, and the wrong section was' referred to in the opinion delivered.
In Merle v. Andrews it was held that a moneyed demand might be sued with other grounds for going into tlie District Conrt without having first presented tlie moneyed demand to tlie administrator. It was hold, upon the principles of equity jurisprudence, that as petitioner iiad other grounds of equitable relief presented by tlie petition, lie might well connect therewith the moneyed de- *59 maud, especially as all evidence o£ such demand rested upon vouchers and ■documents in the possession of the defendant as to the amount of such demand, and it would not be possible for the claimant to present his claim in the mode required by the probate law. In Dobbin, adm’r, v. Bryan, (5 Tex. R., 276,) it is said by the court, that “ The District Court have jurisdiction to *• in vesicate and arrest a fraudulent combination between an administrator “ and others confederating to injure those interested in the faithful adminis-tuition of the estate.”
IVc, have, reviewed these cases to show that the District Court will exercise jurisdiction act ing directly and originally upon the administrator, without resting this exercise upon the clause of tlie constitution cited, where itis to prevent frauds and fraudulent combinat ions that might result in the destruction of the rights of those interested in the estate, and in so doing we, believe we are fully sustained by the TOt-li section of tlie IVth article of the State, constitution. By this section all the common-law and chancery jurisdiction known to the courts of common law and chancery in England is conferred oil the District Courts not incompatible with the Constitution of the United States nor the constitution of this Stato and laws under it. We believe tiiat where a person and not the court is to be acted upon, this jurisdiction may be exercised by proceedings in the usual form to prevent an injury or to enforce a remedy. But where it is to control an inferior jurisdiction by acting upon such tribunal to restrain its action, or to review, revise, or corr§ct its proceeding's, it must be by tlie use of some process issued from the District Court or one of its judges. To this there is an exception that an appeal will lie from the Probate Court to the District Court. This right of appeal, however, does not destroy the right of the District Court to exercise this control in tlie manner mentioned above, if from any r-ullieient cause an appeal iias not been taken. In the ease cited, of Long et at. r. Wotliam, and Dobbin o. Bryan, the original jurisdiction of the District Court was sustained on tlie principles of the general jnri-diction of the. court, and the. action was not upon the, inferior tribunal, but on the, administrator, to prevent injury to the parties interested in the estate by (lie fraud of the administrator. In tlie case before us tin: action of the District Court is sought to act immediately upon the. inferior tribunal, which, it is true., might have been by appeal from the Probate Court under the 15th section of the IVth article, of the constitution, but sufficient reason being- shown why an iipp ‘ill was not taken, resort was had to the general jurisdiction under the 10th section, and it. was exercised by a writ, of certiorari under the mandate of one of (lie. judge - of tlie. District Court. (Titus v. Latimer, 5 Tex. R., 433; O'Brien v. Dunn, Id., 570.)
Prom tlie facts presented by the record, before us it is not certain but tliey would have justified the guardian in commencing proceeding's in the District Court, again -t Clirisman. A period of near twelve years had elapsed from tlie granting of the letters of administration to Clirisman wlien the assets went into hi- possession, and it does not appear that anything had been done by liim to cio ,e tlie administration or appertaining to it, excepting the act returning to the court an inventory of the appraisement. (See McIntyre v. Chappell, 4 Tex. R., 187.) The guardian, however, sought his remedy through the Probate Court, and the account was sett led by the. court against the administrator. The question is, therefore, what should the, action of the District Court have b 'on upon lh(> case, after it had been brought into that court by its own pro-ft . It seems that one of two things was plainly the duty of the Court: the. 1:rs. .to disnii-:'. the certiorari if it should he satisfied that it-had been improperly awarded without ..'uflicicut grounds to support it, or to have opened the account and had if (ival «oro, and certified back to the Probate Court to be carried into ei*' ■< i under the provisions of article 71S>, Hart. Dig. It the appeal had been taken as authorized, as a in after of right the statute in express terms requires the District Court to try U de novo, and to certify the result to the r.eb.ite Court to be carried into elleet. Its being brought up by certiorari was only another mode known to the jurisdiction of the District Court to *60 effect the same object in cases where the party was prevented from availing himself of that mode of having a new hearing.
Note 28. — Smith v. Smith, 11 T., 102; Purvis v. Sherrod. 12 T., 140; Howze v. Howze, 14 T., 232; Crain v. Grain, 17 T., 80; Lott v. Ballaud, 21 T., 167; Little v. Birdwell, 21 T., 597; G-lavecke v. Tijirina, 24 T., 663; Atchison v. Smith, 25 T., 228.
My object in reviewing the decisions was to show that they were sustainable on their own features without violating the constitution or any legislation on the subject of the original jurisdiction of the District Courts in 'matters of pi’o-bate, as I believe they have been thought by some to have done, and to show that those cases only sustained the original jurisdiction of the District Court under peculiar circumstances to prevent fraud and great misconduct, without at all calling in question or drawing into discussion the regularity of the proceedings of the Probate Court. In this case the court below reversed the judgment of the Probate Court and remanded the cause, when the court should have tried the case as new and certified the result to the Probate Court. The judgment of the District Court must therefore be reversed and the case remanded.
Reversed and remanded.