Appellants, as heirs at law of their deceased father, August Kleinecke, brought this suit, in August, 1854, against Woodward, as the purchaser at an administration sale, made by Henry Wilson, administrator of their father's estate, of a German emigration 640 acre land certificate, claiming *Page 312 
that the administration and sale were void. The averments of the petition are: that Wilson's application for letters, which was filed by defendant or his attorney, showed no reason for administration; that as a matter of fact no claims against the estate were allowed or approved, or known to exist; and from these facts is inferred the nullity of the administration and of all proceedings thereunder. It was further averred that the petition of the administrator for the sale of the land certificate was not accompanied by any statement in writing of the estimated expenses of administration or of the claims against the estate, was not verified by affidavit, and that the only reason given therein for the sale was that the certificate constituted the only effects of the estate; that it was worthless unless patented; and that the estate had no other means of paying the fees for patenting or the expenses of administration. Combination between defendant and Wilson, and that defendant caused said sale and administration for the purpose of procuring title to said certificate for a nominal price, were also alleged as a ground for having the sale annulled, in order that the claim on the plaintiff's title to the land, patented in the name of the heirs of August Kleinecke, might be revoked.
The defendant, besides a general denial and limitation, plead that the action was in the nature of a Bill of Review, and was not commenced within two years from the date of the proceedings.
By an amendment, plaintiffs set up their minority at the time of sale, alleging their respective ages to be thirty-eight and forty at the date of the amendment, and stating that they knew nothing of the existence of the certificate or of the patent until 1874.
Exceptions to defendant's plea of limitation were sustained, and a jury being waived and the cause submitted to the court, the evidence was heard and judgment rendered in favor of defendant.
The evidence shows the facts as to the contents of the petition for letters and sale to be as stated by plaintiffs; that the certificate was appraised at one hundred dollars; was sold *Page 313 
for cash and bought by defendant for twenty-five dollars. This twenty-five dollars was absorbed in the expenses of administration. No claims of any kind appear to have been presented against the estate, and after the approval of the sale, which was had at the July term, 1854, no further proceedings appear to have been had.
On the other hand it was proved that the administrator, Wilson, who died in 1867, was the brother-in-law of plaintiffs, and stood high as a man of honesty and integrity. The clerk of the court at the time of the sale testified that the sale was made after due notice and with perfect fairness, and that certificates of the land were then worth twenty or twenty-five dollars. The defendant on the stand denied all collusion between himself and the administrator for the sale of the certificate, and stated that he purchased it at public sale in perfect good faith and gave its full value. It appeared also that August Kleinecke died in 1851.
The administration was had under the Probate Law of 1848, and to that law and the decisions made under it, and similar laws, must we look for the authority of the court to grant letters. By the second section of that act, applications for letters of administration are required to be in writing; but nothing is said of its being essential that the application should state the fact of the existence of claims against the estate, or other fact showing the necessity of administration. Appellant cites no authority in support of his position that the jurisdiction of the Probate Court was dependent on the averment in the application of facts showing the necessity of administration, and the court held such to be the law. Nor can we say that the chance of any evidence of the presentation or approval or existence of claims against the estate justifies us in holding that the court had no jurisdiction to grant letters. The authority of the court is not made by the statute dependent upon the existence of debts. The case of Blair v. Cisneros, 10 Texas, 46, is cited by appellant. But the great lapse of time, sixteen years, after the death of the intestate, appears *Page 314 
to have weighed heavily with the court in deciding the case. The case of Withers v. Patterson, 27 Texas, 491, is also referred to. In that case there had been two precedent administrations of the same estate, and it was held that the estate had been fully administered before the third administrator was appointed. We are referred to no case decided by this court, to the effect that an original grant of letters of administration is void, because the reason or necessity for the administration does not appear on the face of the proceedings. The death of a party gives the court jurisdiction over the estate, and presumptions must be made in support of the action of the court. (Giddings v. Steele, 28 Texas, 742; Alexander v. Maverick, 18 Texas, 194; Hudson v. Jurnigon, 39 Texas, 585.)
The assignment, based on the position that the order of sale is void because the petition was not sworn to or accompanied by a statement of expenses and claims, is equally untenable. These requirements of the Act of 1848 must be held to be directory. In Alexander v. Maverick, 18 Texas, Justice Wheeler says that if the absence of a petition in writing appeared affirmatively from the record, it would not defeat the jurisdiction to order a sale. In the same case the same learned judge remarks of Finch v. Edmondson, cited by appellant in support of this assignment of error, that it was decided on the particular provisions of the Act of 1846, and the sale was adjudged void on account of fraud, which is always a sufficient ground for setting aside sales.
And this brings us to the question of the alleged collusion or fraud. The record certainly fails to disclose any good reason for the administration, which appears to have resulted simply in the sacrifice of the certificate without any benefit to any one interested in the estate. The purchaser was the attorney for the administrator, and would, perhaps, be unable, if not himself involved in the alleged fraud, to claim that protection which the law would give an innocent purchaser. But, aside from the fact that the judgment given by the court amounts to a finding of the issue of fraud in favor of defendant, and that this finding, *Page 315 
like the verdict of a jury, will not be lightly set aside, it is believed to be too late, after the lapse of twenty years, being sixteen or seventeen years since the youngest of the plaintiffs became of age, to institute an inquiry into the fraud alleged. That the plaintiffs were, in fact, ignorant of the administration and of the existence of the certificate until a recent date, does not relieve them from the notice which the law attaches to them and all others. It is not pretended that any fraudulent means were resorted to to keep them in ignorance. The record shows that the usual notice of application for letters was given, and the usual record of the proceedings made. The law gave them two years after they became of age to institute proceedings like this (see Hart's Digest, Article 1230; and Paschal's Digest, Article 4616) in the nature of a bill of review. This defense was set up by plea, and though erroneously ruled out on exception, we think the defendant entitled to its benefit. After so great a lapse of time, it is too late, without some valid excuse for the delay, to inquire into the question of whether the administration and sale were invalid by reason of fraud. The judgment is affirmed.
 Affirmed. *Page 631