R. W. CHAPMAN, EX'OR OF JOHN AUSTIN, v. ROBERT AUSTIN ET AL.

1. BILL OF REVIEW IN PROBATE MATTERS.—Such bill is defective unless it be accompanied by a transcript of so much of the proceedings as relate to the order, decision, or judgment sought to be revised, or unless it contains a specific statement of the error complained of.
2. PROBATE PRACTICE.—See discussion of practice in action upon the reports of executors and administrators.
3. ATTORNEY AT LAW—RECITALS.—A recital in a decree that a party was represented by an attorney at law, does not preclude such party from showing the want of authority of the attorney.
4. AMENDMENT.—It is error to refuse an application to amend a bill of review seeking to revise the action of the District Court in probate matters, after exceptions to the same had been sustained.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

*Herndon & Robinson,* for appellant.

*Jones & Henry,* for appellee.

REEVES, ASSOCIATE JUSTICE.—The appeal in this case was taken from the judgment of the District Court sustaining exceptions to appellant's petition or bill of review, alleging error in the decision of the District Court on appellant's account for the final settlement of the estate of John Austin, deceased, and which he was seeking to have revised and corrected.

The defendants excepted generally to the petition as being insufficient in law and equity, and specially because the petition did not point out any error of law in the decree of the court for which the decree should be reviewed, nor any new matter that had been discovered since the decree was rendered.

The court sustained the exceptions, and refused to permit the plaintiff to amend his petition, and rendered judgment against him for costs. From this judgment the plaintiff appealed, and assigns for error—

1. That the court erred in sustaining the defendant's exceptions to plaintiff's petition.

2. The court erred in refusing to plaintiff leave to amend when said exceptions had been sustained.

The decree referred to, and which the plaintiff sought to have revised and corrected, was rendered on the 3d day of January, 1873. The bill of review was filed March 14, 1874, and being less than two years after the decree was made, the suit was not barred by limitation. (Paschal's Dig., art. 5792.)

The statute provides that "any person interested may, by a bill of review filed in the court in which the proceedings were had, have any decision, order, or judgment rendered under this act revised and corrected, on showing error therein." (Art. 5791.)

The decree of which appellant complains as being 'erro-

neous is copied into the record. No other part of the pro-
ceeding has been sent up, and for the want of a more com-
plete record some embarrassment is felt in disposing of the
case.

The statute provides that the transcript shall not contain
anything which does not relate to the order, decision, or
judgment appealed from. (Paschal's Dig., art. 5785.) It
may be said that the exhibit of Chapman, as it was filed,
and as afterwards corrected, and his account, as restated
by the auditor, all relate to the decree. What else may
have been connected with it we have no means of knowing
from the record before us. The decree does not show when
the exhibit was filed. Appellant, in his petition, says he
filed his account for final settlement August 7, 1871. The
decree recites that the exhibit, on examination by the court,
was found to be incorrect, and that the exceptions taken to
it by Robert Austin were sustained. What the exceptions
were is not shown. The auditor restated the accounts,
and reported the cash assets received by the executor to be
$4,788.54, and that he had paid out the sum of $1,436.64,
leaving in his hands belonging to the estate a cash balance
of $3,351.90. The auditor's report was approved, and after
allowing the executor his commissions, and some other
items, reducing the amount to $3,000, he was ordered to
hold that sum in trust for and pay it over to the legatees
of the will of John Austin, deceased, according to the direc-
tions of the will. It does not appear from the decree, nor
from the bill of review, how much the executor charged
himself with or how much he paid out. He complains of
the want of notice of the time when the court acted upon
and sustained the exceptions of Robert Austin to his ex-
hibit, but says that he had no notice of the appointment of
an auditor, and denies that Gibbs, who it seems represented
him as his attorney, had any authority to appear for him ;
and he produced Gibbs' affidavit that he had no such au-
thority. In a case like this the recital that Gibbs appeared

as attorney is not conclusive of his authority to do so if the plaintiff could show that the appearance was unauthorized.

Another ground of complaint is that the auditor refused to allow a large number of appellant's credits for want of evidence, which he says he could have produced if he had known of the proceeding, amounting to $1,639.35, and that there will remain in his hands for distribution, after allowing him the proper credits, not more than $100.24, instead of $3,000, as decreed against him.

The duties of executors and administrators are clearly defined in the statute prescribing the mode of proceeding in matters of probate.

We are not informed as to how far, if at all, the provisions of the statute may be controlled by the will.

The statute requires that notice of the filing of an account by an executor, &c., shall be given by citation and publication. The account, with any objections made to it, may be referred to an auditor to be examined and restated. The executor or administrator must produce and file proper vouchers for the credits he may claim or support them by satisfactory evidence. After a claim has been presented to the executor or administrator and allowed, the claimant is directed, if not required, to file his claim with the clerk of the District Court. The claims which have been allowed and filed must be examined, and approved or disapproved by an order of the court duly entered, and all claims which have been presented, whether allowed or approved or not, shall be assigned to the proper class. The claims which have been established are paid, according to the classification of payment, by an order of the court.

The statute makes provision for the payment of legacies and for the distribution of the estate among the persons entitled to receive it, and directs the mode of proceeding in such cases. The requirements of the statute must be substantially complied with in the administration of the estate.

Not having before us all the proceedings relating to the

decision appealed from, we are not disposed to express an opinion, and no opinion is expressed on the merits of appellant's case or as to the matters sought to be reviewed and corrected on an imperfect record. When it is said that the transcript shall not contain anything which does not relate to the order, decision, or judgment appealed from, it is implied that the transcript shall contain, at the least, so much of the proceeding as does relate to the order, decision, or judgment.

We are of opinion that the bill of review was defective, but we think the plaintiff should have been allowed to amend his petition and correct the defect, if able to do so.

It may be that the executor permitted the case to remain longer on the docket after he made his exhibit for final settlement than was consistent with the speedy settlement of the estate, still it does not appear that any one has been injured by the delay. Creditors were not contesting the settlement. The heirs were not prejudiced, as process or action on the decision was not stayed by the bill of review. This could only be done by writ of injunction where the proceeding is by bill of review, or by appeal when taken by an executor from a controversy respecting the settlement of his accounts on giving bond. (Paschal's Dig., arts. 5788, 5791.)

For refusing the application to amend, the judgment is reversed and the case remanded.

REVERSED AND REMANDED.