EMILIE C. JANSON v. M. JACOBS ET AL.

1. BILL OF REVIEW—PROBATE MATTERS.—The bill of review provided in the probate act of 1870 (Paschal's Dig., art. 5791) is not governed by the rules of chancery practice in bills of review; it applies as well to error growing out of fraud or mistake only evident from facts shown in the bill, as to error in law manifest in the record.

2. SAME—PRACTICE.—Such bill of review is sufficient if it states the substance of the proceeding sought to be revised, and the facts relied on for relief from the action of the court complained of.

3. SAME.—If an order of the court in probate matters casts a cloud on the right of an heir or devisee, creating an obstacle in asserting such right, (as in a compromise by an administrator of a judgment obtained by him in behalf of the estate and by him compromised, which judgment was compromised by mistake or fraud,) such order by bill of review may be annulled, and the party in interest allowed to use the name of the administrator in proceedings asserting his rights; the administrator and the defendants in the judgment being necessary parties.

4. SAME.—The decree would, however, only extend to the revision of the act of the court in administering the estate; the judgment affected by the compromise could not be litigated in such proceeding.

5. PRACTICE.—It was proper, on sufficient allegations and proof, to annul a decree approving a compromise of a judgment and allowing the devisee to use the name of the administrator in asserting his rights under an administrator touching property devised to her.

APPEAL from Galveston.    Tried below before the Hon. A. P. McCormick.

Emilie C. Janson brought suit in the District Court of Galveston county against Jacobs and Meyer, who reside in Harris county, and Peter Bock, administrator of Joseph D. Funck, deceased, late of Galveston county.

The petition alleged that in May, 1864, the deceased had deposited with Jacobs and Meyer $1,833 in specie, and that they executed a note therefor.

That soon thereafter the said J. D. Funck died, leaving a will, in which all his property was left to petitioner ; that October, 1865, Bock was appointed administrator of the estate of Funck ; that in November, 1866, Bock, as administrator, instituted suit on said promissory note in the District Court of Harris county against Jacobs and Meyer, and prosecuted same to judgment on 3d May, 1868, when he recovered judgment against said Jacobs and Meyer for the principal and interest due thereon ; that about the time of the rendition of said judgment Bock had, by compromise with the said Jacobs and Meyer, agreed to take $500 in satisfaction of the judgment.

That June 26, 1871, Bock, as administrator, filed his final exhibit and account, in which he set forth the compromise, and stated that he believed said Jacobs and Meyer had offsets to amount of $1,499.35, which account was thereafter, 2d December, 1871, by decree of the District Court, approved, and Bock ordered to be discharged on his filing receipts for $540, gold, less costs of administration, which receipts were filed ; that defendants, Jacobs and Meyer, claim said approval as a decree validating the compromise, and that thereby plaintiff is estopped from collecting the balance of the judgment ; that said agreement to compromise was made without authority, and in fraud of the rights of petitioner ; that Jacobs and Meyer did not have said or any other offset against said note or judgment ; that the decree was improvidently entered and without investigation, and

as against the plaintiff is unjust and oppressive, and was a cloud on her rights. Relief was asked that the decree approving said final account be annulled and set aside in so far as it recognizes the said compromise; that the compromise be set aside, and that plaintiff be allowed to proceed in the name of defendant Bock, as administrator as aforesaid, to proceed to collect the balance due on the said judgment, &c.

By amendment plaintiff further alleged that said compromise was procured by the false and fraudulent representations of Jacobs and Meyer that they had offsets as before alleged; that at the time of said compromise plaintiff did not know that said representations were false, and that neither she nor her attorney knew or could have known of such falsehood, until long after the rendition of the decree of approval of Bock's account; she limits her allegation of ownership to that of the said note alone, which by the will was given her.

Demurrer to the petition was sustained, and plaintiff appealed.

*Garnett & Garnett,* for appellant.

*M. C. McElmore,* for appellee.

GOULD, ASSOCIATE JUSTICE.—Section 428 of an "Act prescribing the mode of proceeding in District Courts in matters of probate" provides that "any person interested may, by a bill of review filed in the court in which the proceedings were had, have any decision, order, or judgment rendered under this act revised and corrected, on showing error therein." (Paschal's Dig., arts. 5791, 5792.)

It is not our opinion that a petition formed under this article must conform to the requisites of a bill of review in a court of chancery, nor do we think that the error to be shown in such a petition must necessarily be error of law apparent on the face of the proceedings. If the petition sets

forth with reasonable certainty the proceedings sought to be revised, and shows that there was error therein, whether it be error of law, or error growing out of fraud or mistake, and only apparent in the light of facts not then made known to the court, it contains enough to enable a party interested to maintain the application. This view of the statute is borne out by a reference to former statutes on the same subject. Under the probate law of 1848, any party interested might have the settlement of any account of the administrator revised "by making proof that there was any error or fraud in such account or settlement." (Paschal's Dig., art. 1382.) So of guardians' accounts, "upon proof that there was any fraud or mistake in such settlement." (Paschal's Dig., art. 3922.) If the remedy reaches no further than errors of law apparent on the face of the proceedings, a large class of cases, heretofore provided for under the articles cited, and coming fully under the evil believed to be aimed at, are now omitted. Under the act of 1848 a settlement in the County Court was thus revised in the District Court, and it was required of the applicant to file a transcript of the papers relating to such settlement. Under the present statute, as the proceedings to be revised are in the same court, the same particularity would not be necessary, and has not been exacted. Whilst it would seem proper that the petition should set out the order to be revised, yet if the substance of the order or proceeding is distinctly stated, it will be sufficient, unless specially objected to.

In this case the petition, as amended, set out the application of the administrator for authority to consummate a compromise with defendants, Jacobs and Meyer, which application was embraced in his final account, and that the court, by decree made December 2, 1871, approved said final account, and discharged said administrator upon his filing the receipt of plaintiff's attorney for the sum obtained under the compromise. Facts are also alleged which, if

true, show that the compromise should not have been made or authorized. Enough was stated, under our views of the statute, to entitle the petitioner to have a revision of the order authorizing the compromise and discharging the administrator. Whether it was or was not necessary that this order should be set aside before the petitioner could take steps to enforce the judgment, its existence was calculated to operate as a cloud on her rights, and might, perhaps, be used to obstruct her in their assertion, and we think her interest in it, as stated, was sufficient to enable her to maintain her petition.

To this suit we think that Jacobs and Meyer were proper parties. It is stated in the petition that the defendants claimed that, by the action had in the Probate Court, petitioner was estopped from collecting the balance due on said judgment. But even if they were not necessary parties, this would not justify the action of the court in sustaining general exceptions to the petition, which should, at all events, have been held sufficient as against the administrator.

The petition, however, prays for other relief, to wit, that the compromise be annulled, and that plaintiff, in the name of the administrator, be allowed to collect the balance of the judgment. If, on hearing the evidence, the court should see fit to set aside its orders approving the administrator's final account and the compromise, and discharging the administrator, it might properly authorize the plaintiff to proceed in the name of the administrator to enforce whatever rights she may have under the judgment obtained by the administrator. But it is not our opinion that the court could in this proceeding adjudicate those rights as between plaintiff and defendants, Jacobs and Meyer. The suit to collect the debt claimed to be due by Jacobs and Meyer was brought in the District Court of Harris county, where those defendants reside; the judgment was obtained in that court; and we think that the attempt of the plaintiff to transfer

37

the final adjudication of the validity of the offsets claimed by defendants from that court to another, cannot be maintained. To this extent the exceptions to the petition were properly sustained.

The right of plaintiff to have the orders of the court in the settlement of the administrator's final account set aside is not dependent on the previous return by her to the administrator of the amount received under that settlement. Whether it would be necessary to tender such return in a proceeding in which the compromise could be set aside, it is not material to inquire.

Because the court erred in sustaining the exceptions to the petition as herein set forth, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.