CANDIDA RAMIREZ v. JOHN MCCLANE, ADM'R.

1. PLEADING—BILL OF REVIEW.—Under the probate act of 1870 a petition for review of acts done on the probate side of the District Court could be brought within two years from the date of the order, and on general demurrer it was sufficient, as a description of the order sought to be revised, to set out the substance of such order.
2. SAME—LIMITATION.—An order granting letters of administration was made October 13, 1873; a petition for review was filed October 14, 1875, alleging that to obtain the original grant of letters it had been alleged falsely that the deceased had died within four years of such application : *Held*, That such petition was filed in time within two years, and set out sufficient grounds for review under the probate act of 1870.
3. SAME—REPEAL OF LAW BY NEW PROBATE LAW.—The repeal of the act of 1870, and the passage of the probate act of 1876, under the Constitution of 1876, before the trial of such case, did not render the petition subject to general demurrer.
4. JURISDICTION OF DISTRICT COURT—PROBATE MATTERS.—Such suit is maintainable under the probate act and the Constitution of 1876 ; the jurisdiction of the District Court being ample to afford such relief.
5. CLAIMS ESTABLISHED UNDER ADMINISTRATION ANNULLED.—It is left undecided as to effect of a decree vacating an administration upon claims established under such administration.

ERROR from Nueces.   Tried below before the Hon. E. Dauherty.

This suit was brought by Mrs. Candida Ramirez, as the surviving wife of her deceased husband, Miguel Ramirez, and as the guardian of her minor child Dolores, in the Dis-

trict Court of Nueces county, on October 14, 1875, to revoke an order granting letters of administration to John McClane on the estate of her deceased husband; to vacate a judgment approving and allowing a claim in the sum of $2,000 in favor of F. Cummings and P. Nickels, and to enjoin McClane from assuming to act as administrator. McClane, P. Nickels, and the executrix of F. Cummings, deceased, were made parties defendant.

The petition alleged that Miguel Ramirez died on or about the 11th of August, A. D. 1868, and that letters of administration were issued to McClane on the 13th of October, 1873, he representing that Ramirez died on the 18th of August, 1869. The petition further alleged that on March 17, 1874, John McClane, as administrator, allowed a claim in the sum of $2,000 in favor of P. Nickels and F. Cummings, evidenced by a certain instrument in writing purporting to have been executed by Miguel R. Garcia at the city of Brownsville, Texas, on the 12th of November, 1860, and which claim was approved by the District Court of Nueces county on the 18th of March, 1875. The orders of court sought to be vacated were not otherwise described and were not set out.

To the petition alleging the above facts defendants, on November 14, 1876, filed a general demurrer, which was sustained by the court. Plaintiff, by writ of error appealed.

The errors assigned are—

1. The court erred in sustaining the defendants' exceptions to the plaintiff's petition.

2. The court erred in rendering final judgment against plaintiff in said cause and for costs of suit.

*W. H. Russell*, for plaintiff in error, cited Probate Act of 1870, secs. 44, 45, 102; Loyd v. Mason, 38 Tex., 212.

GOULD, ASSOCIATE JUSTICE. — At the time the petition in this case was filed, the administration of estates pertained

to the District Court, and the statute regulating administrations authorized the revision of any order on the probate side of the court by a suit in the nature of a bill of review commenced within two years thereafter. (Paschal's Dig., arts. 5791, 5792.) The suit and the proceeding sought to be revised being in the same court, a petition for review was sufficient, on general demurrer, if it contained the substance of the order objected to, without setting it out in full or filing a transcript. (Janson *v.* Jacobs, 44 Tex., 573.) The petition in this case sought to review and vacate an order made on October 13, 1873, granting administration on the estate of the husband and father of plaintiff, who, they allege, died in August, 1868, charging that said order was procured by falsely representing the date of the death. Being filed October 14, 1875, the petition was not too late, though on the last day of the two years; and as it showed that the administration had not been commenced within four years after the death of the intestate, it stated what was then a good ground for resisting the order granting letters. Before the case was disposed of, however, the present statute on the subject of estates, containing no such general provision for a bill of review, took effect; but it is believed that the suit was still maintainable under the jurisdiction in matters of probate vested by the present Constitution in the District Court. That jurisdiction is as ample as it was under the Constitution of 1845, under which proceedings in probate matters were not only corrected on appeal, and by *certiorari*, but also in cases of fraudulent combination, by an original suit in the District Court. (Lott *v.* Ballaud, 21 Tex., 169; Newson *v.* Chrisman, 9 Tex., 113.) If in consequence of the transfer of the administration from the District to the County Court the orders sought to be revised should have been exhibited or brought up by *certiorari*, our opinion is, that the petition having been sufficient when filed, a special exception was necessary to make such an objection available. In so far as the petition sought to revise and vacate the grant

of letters of administration, our opinion is, that it was sufficient on general exception.

The petition also sought to vacate the allowance and approval of a claim against the estate. If this relief was sought on the ground that the claim was barred by limitation, the petition was manifestly defective. (Eccles v. Daniels, 16 Tex., 136; Heffner v. Brander, 23 Tex., 631.) It would seem, however, to have been claimed on the ground that the administration was a nullity. In holding the petition sufficient as a suit to vacate an administration fraudulently procured after the lapse of four years, we do not intend to intimate that the effect of vacating the administration, would be to vacate the establishment of a claim in favor of third parties not participants in the fraud.

The judgment is reversed and the cause remanded.

Reversed and remanded.