[Opinion delivered April 26, 1880.]

***

C. D. WARD'S HEIRS v. A. J. WARD, ADM'R.

(Case No. 3085.)

1. RIGHT TO SUE — PARTIES.— Title to the property of an estate vests in the heirs, where the estate is vacant, by the removal of the administrator, no debts remaining unpaid by the estate, and they may sue and be sued in relation thereto.

2. PLEADINGS — REVISING PROCEEDINGS IN ADMINISTRATION.— A petition which seeks to revise proceedings in the administration of an estate is defective unless accompanied by a copy of the proceedings complained of. Pas. Dig., 1382, 1383; 50 Tex., 598; 44 Tex., 133, 539, 573.

3. ADMINISTRATOR'S BOND — RIGHT OF HEIRS TO SUE THEREON.— An administrator's bond is for the protection of creditors, devisees and heirs, and they have a right to sue for a breach thereof. An administrator *de bonis non* can only sue for the estate remaining unadministered, as shown by the administrator.

4. PLEADINGS — DEMURRER.— That an imperfectly stated cause of action is joined with one properly set out is no ground for demurrer to the cause of action well pleaded.

ERROR from Lamar. Tried below before the Hon. John C. Easton.

March 20, 1869, Caroline Coles with her husband Wm. H., Ann, Elizabeth and Allen Ward, and Mary Brown with her husband Peter, as heirs at law of Commodore D. Ward, deceased, brought suit in the district court of Lamar county against A. J. Ward and his sureties, Sam'l H. Williams and Seth Ward, upon the administration bond of A. J. Ward, executed as administrator of the estate of C. D. Ward, deceased.

The suit as originally brought was in part to set aside some of the proceedings allowing certain vouchers and cred-

its to said administrator in the course of the administration, specified in the petition; and in part for the maladministration of said A. J. Ward in squandering and appropriating certain specified property of the estate, negligent failure to collect claims, etc.

The defendants demurred and pleaded general denial and special defenses.

Amendments were from time to time made by plaintiffs, adding to their specifications of property, etc., squandered; adding exhibits of the bond, inventory, return of sales, etc.

July 16, 1874, the demurrer of defendants was sustained and the plaintiffs again, August 10, 1874, amended.

The amendment specified more particularly that C. D. Ward died October, 1858; the appointment of A. J. Ward as administrator in 1869; the execution of the bond; return of inventory; that in 1868 the administrator had been removed from the administration; that all the debts of the estate had been paid before the filing of the original petition; that there were no debts owing by the estate; that the deceased died intestate, and that plaintiffs were his heirs; specifying more in detail the articles of property and their value, squandered, lost and converted to his own use by the defendant, A. J. Ward, while administrator; that the estate was vacant, and no necessity existed for administration *de bonis non;* refusal of Ward to settle; and carefully withdrawing all previous allegations attacking the orders and proceedings in the administration.

The defendants demurred specially to the petition as amended, because not accompanied by a copy of the proceedings had in the probate court.

The exceptions were sustained, and plaintiffs declining to further amend, judgment final was rendered for defendants.

The plaintiffs brought up the case by writ of error, alleging as errors:

1. Sustaining the demurrers, general and special, of defendants to the petition; and

2. Rendering judgment for defendants.

*B. F. Fuller, J. B. Davis* and *W. H. Johnson,* for plaintiffs in error.

*V. W. Hale,* for defendant in error.

A. S. WALKER, J.— The only question in the case is whether there is a cause of action contained in the pleadings of the plaintiffs.

1. The plaintiffs showed a right to sue. It was alleged that the estate was vacant by the removal of the administrator; that there were no debts owing by the estate; and that they were heirs of the intestate. Upon such state of facts the estate vested in the heirs.

2. The petition, so far as it sought to revise proceedings in the administration had in the probate court, was defective for the reason given in the exceptions urged. To that extent the demurrer was properly sustained. Pas. Dig., 1382, 1383; 50 Tex., 598; 44 Tex., 133, 539 and 573.

3. The breach of the bond alleged, in the most part of the particulars in the allegations relied on as a breach, was one of which creditors, devisees and heirs alone could complain. Johnson *v.* Hogan, 37 Tex., 80. The bond is for the protection of creditors, devisees and heirs. An administrator *de bonis non* could not sue except for the assets remaining unadministered, as shown in the administration. The right of the heirs to sue would follow their right to the possession of the property of the estate. The trust in the administrator created by the proceedings in administration having been executed, the estate being vacant, the property constituting the estate again vested in the heirs without incumbrance; vested in them the right, carried the legal remedies; and the right to call in question all the acts of the trustee which had not been sanctioned by the action and approval of the probate court in the progress of his administration. The bond was for the purpose of enabling those entitled to the estate to have satisfaction for breach of duty, and the right to sue is expressly given to the heirs. Pas. Dig., 1375.

4. That an imperfectly stated cause of action was joined with the suit for breach of the bond (in squandering the

assets, etc.) is no ground for demurrer to the cause of action well pleaded. Edgar *v.* City of Galveston, 46 Tex., 428. Especially is it so when by amendment the former is abandoned. There is no inconsistency in the facts as given under the two causes originally joined in the suit. We are not called on to say whether they were improperly joined. The defect was cured.

As the case should be reversed, it may be well to suggest that, before another trial, the district court should require the plaintiffs to replead,— collecting into the amendment all their allegations, omitting, however, all that relate to the attack upon the administration proceedings had in the probate court.

The demurrer was improperly sustained, and the judgment below should be reversed.

                                        REVERSED AND REMANDED.