SAMUEL YOUNG ET ALS. V. POLLY GRAY ET ALS.

(Case No. 1518.)

1. JURISDICTION.— Where a bill of review seeks to embrace matters concerning the action of the county court had in the distribution and partition of a deceased ward's estate alone, it cannot be considered by the district court on appeal; but where the bill of review seeks to inquire, and to have revised the action of the county court in passing upon the final account and settlement of the deceased ward's guardian in addition, such an action being within the power and jurisdiction of that court, is a proper subject for investigation there, and for consideration and revision on appeal in this form in the district court.

2. SAME— CASES CITED AND DISCUSSED.— Veal v. Fortson, 57 Tex., 488; Jones v. Barnett, 30 Tex., 637; McKinney v. Abbott, 49 Tex., 371; Berry v. Young, 15 Tex., 370; Timmons v. Bonner, 58 Tex., 554, cited and discussed.

3. BOND.— Under the Revised Statutes (art. 2707), as to appeal in matters of guardianship, under the case above set out, a party may appeal without giving bond.

APPEAL from Rusk.   Tried below before the Hon. A. J. Booty.

The appellants brought this suit by a bill of review to have the county court revise and correct its decree rendered, distributing the estate of Ellen V. Gray, deceased, and discharging Thos. J. Lacy, guardian of the estate.   Ellen Gray died about 1879, and the decree was rendered in 1880.   Appellants alleged that Ellen Gray died intestate, leaving neither father, mother, brother, sister, husband nor descendants surviving her.   Polly Gray, one of the appellees, was the mother of the appellants and the grandmother of Ellen Gray; Wm. Gray, the husband of Polly Gray, father of the appellants

and grandfather of Ellen, died in 1874. The other appellees were of kin to Ellen on her mother's side. In the distribution of the estate the court overlooked the appellants and gave the whole of the estate, one-half to Polly Gray, the other half to the other appellees; giving the appellants nothing. The appellants were not present at the time, but as soon as they learned of the manner in which the estate of Ellen Gray had been distributed, they filed their bill of review for the purpose above stated, and directed the attention of the court particularly to the action of Thos. J. Lacy, the guardian of Ellen Gray, and asked that a more complete exhibit of the estate be made by him; they alleging that the same had not been fully accounted for and distributed. The appellees filed their plea to the jurisdiction of the county court, which was sustained, and then the cause was appealed to the district court, where the motion to dismiss for want of jurisdiction was again sustained. The appellants then prosecuted their appeal to this court.

*J. Harvey Turner*, for appellant, cited: Veal *v.* Fortson, 57 Tex., 482; Ramirez *v.* McClane, 50 Tex., 599; Janson *v.* Jacobs, 44 Tex., 575; Jones' Heirs *v.* Barnett's Heirs, 30 Tex., 637; R. S., arts. 1645, 2707, 2708, 2717, 2682–2694; Pasch. Dig., art. 5791.

*Jas. H. Jones* and *Geo. H. Gould*, for appellees, cited: Timmon *v.* Bonner, 58 Tex., 554; McKinney *v.* Abbott, 49 Tex., 375; R. S., arts. 2200, 2201.

WEST, ASSOCIATE JUSTICE.— The question presented for our consideration, in this case, in relation to the action of the county court of Rusk county in the matter of the final partition and distribution of the deceased minor's estate, in a proceeding there instituted for that purpose, against the guardian, is not free from difficulty. It has been very carefully inquired into, and all authorities accessible to us bearing on the subject have been examined.

After much deliberation we have reached the conclusion that in a suit of this kind, in the county court, against the guardian after the death of his ward, that the county court has no power, in such a character of proceeding, to make by its decree a final partition and distribution of the estate of such deceased ward among those who claim to be by law entitled to its enjoyment. Nor is there any such action contemplated or provided for in the statutes regulating the relation of guardian and ward.

In the case of a deceased person, where a regular administration,

as provided by the statute, is had on the estate, the county court has, both by the express terms of the constitution (Const., art. 5, sec. 16), and by statute, power and jurisdiction to make the final settlement, partition and distribution of the estate of such deceased person. R. S., art. 2097.

This power, in relation to the estates of deceased persons, existed and was exercised at an early day, under the old probate acts of 1840 and 1846. Hart. Dig., arts. 1031 and 1106. It was also exercised over the estates of deceased persons, under the subsequent probate law of 1848. Hart. Dig., art. 1196; Pasch. Dig., vol. 1, art. 1348.

The case of Veal v. Fortson, 57 Tex., 486, has been referred to in argument on this subject, but the point now in question was not before the court in that case, and was not considered by it, nor is there any matter here decided, or passed on, that is not in entire harmony with that case and the cases there cited.

The case of Berry v. Young, 15 Tex., 370, was an exceptional case, and was under a different system, and the question here decided was not then before the court or discussed.

If the only question raised by the appellants in their bill of review in this case had been that of the reopening and revising of the action of the county court in the matter of the partition and distribution of the estate of the deceased ward, we would sustain the action of the district court in entirely dismissing the appeal; regarding, as we do, the action of the county court in that behalf as being without authority of law, and all its proceedings in entering the final decree, making the partition and distribution in question as without effect.

The proper conclusion in such cases, under the statute, seems to be that, when the ward dies, the duties of the guardian are at an end, except, alone, for the purposes of paying claims theretofore approved, or making his final account, and obtaining as soon as he can, for his protection in the future, an order of final settlement and discharge. Timmons v. Bonner, 58 Tex., 554.

The estate of the deceased ward should, like the estate of any other deceased person, be turned over as soon as possible, by the guardian, to the administrator or such other person or persons as by law may be determined to be entitled to it. R. S., arts. 2686 and 2687; Hart. Dig., art. 1562; 1 vol. Pasch. Dig., art. 3914.

If, therefore, as before said, the only question presented by the bill of review under consideration related to the matter of the partition and distribution of the deceased ward's estate alone, the judg-

ment of the district court would be affirmed; but it appears from the face of the bill that it embraces other important matters. It seeks to bring in review the correctness of the final report of the guardian; it charges him with not having accounted for a considerable part of his ward's estate, with having entirely failed to make large collections, and other like charges are made, bringing in question his official action in the premises.

These are subjects that it seems could be fairly inquired into by the parties who are complainants in this bill, if they in fact sustain such a legal or equitable relation to the subject matter of the litigation as the county court would or should take cognizance of. Do they, then, disclose a sufficient interest in the subject matter of the suit?

We are of the opinion that their pleadings sufficiently show that they have such an interest in and hold such relation to the subject matter as gives them the right to institute this proceeding. They allege that they are the children of William Gray, the paternal grandfather of the deceased minor.

Under the ruling of this court made in the case of Jones v. Barnett, 30 Tex., 637, and afterwards reconsidered, carefully examined and approved by this court in the case of McKinney v. Abbott, 49 Tex., 371, the appellants would appear to be entitled to such proportionate part of the estate of the deceased minor as might remain after the payment of the just debts and claims against it.   1 Pasch. Dig., art. 3419;" R. S., art. 1645.

As to the point raised, touching the right of these parties to appeal from the judgment of the county court without giving bond, we are of opinion that, under the unqualified terms used in the statute, they have the right so to do.   The language of the act in question is very broad indeed.   R. S., art. 2703.   We think it comprehensive enough in its terms to embrace the appellants.

It may, possibly, be a matter of some doubt, whether it was the intention of the legislature to allow the appeal in this form from the action of the county court in settling the guardian's final account, where the ward dies before coming of age; still the terms used fully and fairly include such a case within its scope.   It is the duty of the court in all such cases to give such a construction to the words employed by the legislature in framing the statute as will carry out what appears to be the plain import of the language used.

So far, then, as the bill of review under consideration embraces matters concerning the action of the county court had in the partition and distribution of the deceased ward's estate, it cannot in this

proceeding be considered by the district court, for want of jurisdiction in the county court to pass upon and adjudicate these matters in this form.   But in so far as the bill of review seeks to inquire into, and have re-examined and revised, the action of that court in passing upon the final account and settlement of the guardian, such action being within the power and jurisdiction of that court, is a proper subject of investigation there, and of consideration and revision, on appeal, in this form, by the district court.

In addition to the cases above cited, the following, as well as many others not here enumerated, have been considered in examining the questions passed upon: Ramirez v. McClane, 50 Tex., 598; Janson v. Jacobs, 44 Tex., 573; Newson v. Chrisman, 9 Tex., 113; Wadsworth v. Chick, 55 Tex., 242; Franks v. Chapman, Austin Term, 1883; Francis v. Northcote, 6 Tex., 168.

The judgment is reversed and the cause remanded, with directions to the district court to proceed in accordance with the views expressed in this opinion.

REVERSED AND REMANDED.

[Opinion delivered December 18, 1883.]