## LOUIS MILLER ET AL. v. CLARA MILLER ET AL.

### Decided May 13, 1899.

**1.  Bill of Review by Minors.**

A bill to review the proceedings of the probate court in a guardianship can be brought by the minors before the expiration of two years after reaching their majority.

**2.  Guardian's Bond—Sureties Not Discharged.**

The sureties on a guardian's bond, under the express terms of the statutes, are not released until a new bond is given; and where such new bond has not been given, an order of court discharging the sureties forthwith is without effect. Rev. Stats., art. 1956.

**3.  Bill of Review in Probate Proceedings.**

By virtue of the statute a bill of review will lie in probate proceedings, even for the correction of errors of law apparent upon the face of the record or decree. Rev. Stats., art. 2799.

ERROR from Dallas. Tried below before Hon. W. J. J. SMITH.

*Fitzhugh & Smith* and *Robertson & Firmin,* for plaintiffs in error.

*Baker & Rhea,* for defendants in error.

RAINEY, ASSOCIATE JUSTICE.—This suit was instituted in the probate court by Reuben and Clara Miller to set aside a judgment rendered by that court in cause No. 1661, estate of Clara and Reuben Miller, minors. Judgment was rendered for plaintiffs, an appeal taken to the

District Court, where a like judgment was rendered, and the cause appealed to this court.

We adopt the following findings of the court below, to wit: "Jacob Rothschild was appointed guardian of the estate of Clara Miller and Reuben Miller, minors, on May 7, 1892, and at once qualified, filed inventory and appraisement of the assets of said estates, showing joint assets in the sum of $3000, which inventory and appraisement were duly approved by the court, and he filed bond as guardian in the sum of $6000, with P. W. Linski and L. Miller as sureties, and same was approved May 17, 1892.

"On September 6, 1892, P. W. Linski applied to be released from further liability as surety on the bond of Jacob Rothschild, guardian, and was released and a new bond filed by said guardian in the sum of $6000, with Henry Loeb, Louis Miller, and W. A. Babcock as sureties thereon. Said bond was filed November 17, 1892, and was approved by the court November 30, 1892.

"On February 17, 1893, Louis Miller filed application to be released from further liability as surety on the said last mentioned bond of Jacob Rothschild, guardian. Citation issued commanding the guardian to appear on February 25, 1893, and show cause why a new bond should not be required. On the day last mentioned the application came on for hearing, and the following judgment was entered, same being the judgment attacked in this proceeding:

"'Estate of Clara and Reuben Miller, Minors, v. Jacob Rothschild, Guardian. No. 1661.—Saturday, February 25, 1893.—This day came on to be heard the application of L. Miller to be released from further liability as surety on the bond of Jacob Rothschild, guardian of the estate of the above named minors, and said application being heard, and it appearing to the court that said guardian has been duly and legally served with notice of the filing of said application and has appeared in answer to said notice, it is considered by the court that said application should be granted. It is therefore ordered by the court, that said application be and the same is hereby granted, and that the said L. Miller be and he is hereby released from any and all liability as surety on the bond of said J. Rothschild, guardian, from and after this date, and that said guardian, J. Rothschild, be and he is hereby required and ordered to give a new, bond as such guardian with two or more good and sufficient sureties at once.

"'And it is further ordered by the court that the said J. Rothschild cease to act or exercise any authority as such guardian until said new bond is given and accepted by this court.'

"At the time of the entry of the judgment aforesaid Clara B. Miller and Reuben Miller were both minors. Clara Miller became 21 years old in January, 1894, and Reuben Miller became 21 years old November 23, 1896.

"Jacob Rothschild died insolvent in 1895, having never made settlement with either of the aforesaid minors, who are the plaintiffs in this

suit. He had collected, converted to his own use and misappropriated of the funds and assets of said minors, of principal and interest, the sum of $3018.56, none of which sum has ever been paid to said minors or expended for their benefit. There being no evidence as to the date of the default of J. Rothschild, guardian, it is presumed that it occurred after the approval and during the life of the last bond, and on that presumption I find this wrongful conversion and misappropriation occurred after the filing and approval of the second bond. W. A. Babcock died insolvent in 1896.

"No bond other than the one approved May 17, 1892, and the one approved November 30, 1892, same being the bonds referred to in the foregoing findings as the bonds given by Jacob Rothschild, were ever filed by the said Jacob Rothschild, or by any one for him, or by any other person in said guardianship proceedings.

"The original petition or bill of review in this cause was filed May 7, 1897."

*Conclusions of Law.*—1. A bill to review the proceeding of the probate court in a guardianship can be brought by the minors before the expiration of two years after reaching their maturity. Rev. Stats., arts. 2799, 3352; Murchison v. White, 54 Texas, 86; Fleming v. Seeligson, 57 Texas, 524; McAnear v. Epperson, 54 Texas, 220; Kleinecke v. Woodard, 42 Texas, 311; Best v. Nix, 25 Texas, 130.

2. A new bond may be required of guardians "under the same rules and regulations and with like effect" as may be required of executors and administrators. Rev. Stats., art. 2606. A surety on such a bond may require a new bond to be given (Revised Statutes, article 1952) ; but such surety is not discharged from liability until a new bond is executed and approved by the court. Rev. Stats., art. 1956.

There was no new bond executed by Rothschild, guardian, and approved by the court, and it was error for the court to enter an order discharging the sureties on his bond.

3. The judgment of the probate court discharging the sureties on the guardian's bond being erroneous, the plaintiffs were entitled to have it corrected by bill of review, and as there is no error in this proceeding the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In support of the motion for rehearing it is urged that a bill of review "does not lie for errors of law apparent upon the face of the decree, but only for fraud. accident, or mistake in facts." This contention is supported by decisions of our Supreme Court in proceedings to review final judgments other than those rendered in probate matters, and this rule, we think, would govern in probate matters in the absence of a statute regulating the matter. We have a statute which in our opinion controls.

In title 51, Revised Statutes, relating to guardian and ward, and chapter 20, relating to "appeals, bill of review, and certiorari," article 2799, we have the following: "Any person interested may, by a bill of review filed in the court in which the proceedings were had, have any decision, order, or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein."

This to our minds is conclusive of the question under consideration. There is no exception or qualification as to the character of error in the judgment whether shown upon the face of the judgment or otherwise. The language is plain and emphatic, that by "showing error therein," the order or judgment can be corrected by bill of review in the court where the proceedings were had. Our decisions hold that "a bill of review need not conform to the rules and is not limited by the restrictions of the equity practice as applicable to that remedy." Jones v. Parker, 67 Texas, 76; Jansen v. Jacobs, 44 Texas, 573; Seguin v. Maverick, 24 Texas, 526.

The right to revise the proceedings of the probate court by bill of review is recognized by our Supreme Court in Jones v. Parker, supra, and Young v. Gray, 60 Texas, 541.

Plaintiffs in error cite in support of their contention the decision of Justice Stayton on rehearing in the case of Heath v. Lane, 62 Texas, 686. In that case the action was brought in the District Court to review the action of the County Court in a probate proceeding. The court held the District Court had no jurisdiction to revise in that manner the proceedings of the County Court; that the District Court had only appellate and not original jurisdiction to revise.

Justice Stayton in discussing the general powers of probate courts holds, "Except as it is given by statute, a probate court has no power, by bill of review, to revise its own decisions." He does not refer to the article of the statute above quoted by us, and it is evident to our minds that if he intended to hold that no bill of review would lie to revise the probate court under the statute, except as to the probating of a will, which is specially provided for by statute, he overlooked the article of the statute referred to.

In the case of Young v. Gray, 60 Texas, 541, decided prior to, and the case of Jones v. Parker, 67 Texas, 76, decided after, the case of Heath v. Lane, supra, our Supreme Court recognizes the right to revise the action of the probate court by bill of review.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.