## McFARLANE & McFARLANE v. BEARDEN.
### No. 13221.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 6, 1935.

See, also, Bearden v. Texas Co., 41 S. W.(2d) 447; Wilson v. Bearden, 59 S. W.(2d) 214; Bearden v. Texas Co., 60 S.W.(2d) 1031.

Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellants.

Bouldin & Bouldin and J. R. Creighton, all of Mineral Wells, for appellee.

BROWN, Justice.

Appellants are attorneys who were employed to handle certain litigation, in which the ward was involved, by the legally appointed guardian of Annie Bearden, a non compos mentis, with the express approval of the county court of Young county, wherein the guardianship proceedings were pending.

Annie Bearden died before the services undertaken by the attorneys were at an end, and the appellee here, R. E. Bearden, was duly appointed administrator of the estate of the deceased, and had taken charge of the same.

After the professional services were concluded by appellants, they presented a claim to the said administrator, and same being disallowed, they brought suit in the district court of Young county to establish their rights. The trial court sustained a general demurrer to plaintiffs' petition, and, upon their declining to amend, dismissed the cause. The appeal is taken from such final order.

In our opinion, the petition states a cause of action, and clearly shows that the services to be performed by appellants were not concluded until after the death of the ward, and after the appointment and qualification of appellee as administrator of the estate of the deceased.

Had the services been performed in full prior to the death of the ward, we would have a different situation from that here presented. In the instant suit appellants were powerless to present a claim for attorneys' fees until they had rendered the services for which they were employed. When their claim had ripened, the ward was dead, and the duties of the guardian were practically at an end, while the estate of the deceased was under the management and control of a duly appointed administrator. The services rendered by appellants were performed in part for the guardian and in part for the administrator. When the claim was matured, it was proper to present it to the administrator for allowance or rejection.

Our Supreme Court, in Young v. Gray, 60 Tex. 541, 543, said: "When the ward dies, the duties of the guardian are at an end, except, alone, for the purposes of paying claims theretofore approved, or making his final account, and obtaining as soon as he can, for his protection in the future, an order of final settlement and discharge."

For the reasons given, the judgment of the trial court is reversed, the cause is reinstated, and same is remanded to the district court for a trial upon the merits.