BEARDEN v. McFARLANE et al.

No. 13496.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 5, 1937.

Rehearing Denied March 26, 1937.

J. R. Creighton and Bouldin & Bouldin, all of Mineral Wells, for appellant.

Marshall & King, of Graham, and Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellees.

BROWN, Justice.

This cause was before us on a former appeal and is reported in McFarlane & McFarlane. v. Bearden, 86 S.W.(2d) 658.

On the former hearing, we held that the petition filed by appellees, McFarlane and McFarlane, attorneys, stated a good cause of action for fees earned.

The cause, on remand, was tried to a jury and special issues submitted on which the jury found that: (1) Appellees rendered valuable services to the estate of Annie Bearden; (2) that such services are reasonably worth $5,000; (3) that in the consolidated case of Lee O. Bearden v. The Texas Company appellees represented the estate of Annie Bearden through her guardian, Frank H. Wilson; and (4) that such representation was necessary.

The trial court rendered judgment for appellees and the appeal is from such judgment.

Six propositions are urged by appellant. The first proposition is asserted to be germane to the first assignment of error, and its substance is that appellees were not entitled to recover because they did not represent the estate of Annie Bearden, but represented certain defendants whose interests were adverse to the interests of Annie Bearden and her estate.

In other words, the contention is that the evidence shows conclusively that the services rendered by appellees were not only not helpful to the estate of Annie Bearden, but were adverse thereto.

The evidence pro and con was weighed by the jury, and the issues resolved in favor of appellees. The evidence supports the verdict.

The fourth proposition is urged next, and its substance is that the order made by the probate court, authorizing the guardian of the estate of Annie Bearden to employ appellees in certain pending litigation, was void and of no effect, because the probate court did not have authority prior to the rendering of the services by appellees to determine whether or not such services were necessary to protect the interests of the said estate.

We do not think that this is a correct legal proposition.

The answer to same, however, is that the effect of the proposition and its assignment of error is to collaterally attack an order and judgment of the probate court of Young county. This cannot be done. Another answer is that the jury weighed the evidence pro and con and found that appellees' services were necessary for the protection of the estate.

We think the matter of such necessity was determined by the probate court when it entered an order declaring such necessity and authorized the employment of appellees.

The fifth proposition, in effect, attacks the judgment because "the evidence is conclusive" that there was no necessity for appellees to represent the estate.

What we have said with reference to the fourth proposition applies to the fifth.

The second, third, and sixth propositions are grouped.

The second proposition asserts, in substance, that the guardian of Annie Bearden, Frank H. Wilson, in a certain suit, could not represent the estate of Annie Bearden because .she was plaintiff in such suit and Wilson was a defendant therein along with certain minor children, and the receiver of the estate of A. L. Bearden, deceased, and that all such interests were adverse to the interests of Annie Bearden.

The third and sixth propositions contend that appellees could not represent the estate of Annie Bearden, and were not entitled to any compensation because they represented interests adverse to that of Annie Bearden. All these issues were resolved in favor of appellees, by the jury, after weighing all of the evidence pro and con.

The record discloses that appellees were employed to render the legal services, compensation for which they here sue, under the express authority of the probate court of Young county, in which the estate of Annie Bearden was being administered, and the reasonable value of such services as were rendered was a matter for the jury to determine.

The judgment of the trial court is affirmed.