The Honorable Henry Wade District Attorney 6th Floor, Records Building Dallas, Texas 75202
Re: Necessity of inheritance tax receipt prior to distribution of estate of ward under section 408 of Probate Code.
Dear Mr. Wade:
You have requested our opinion concerning whether a court may order the distribution of the estate of a deceased ward at the closing of a guardianship without finding that all inheritance taxes have been paid.
Sections 404 and 405 of the Probate Code provide for a final accounting and the closing of a guardianship upon the death of a ward. Section 408(b) provides in part:
 Upon final settlement of an estate . . . the court shall order . . . in case of a decedent, that a partition and distribution be made among the persons entitled to receive such estate.
In Easterline v. Bean, 49 S.W.2d 427 (Tex. 1932), the court quoted from Young v. Gray, 60 Tex. 541 (1883), in which it was stated:
 The estate of the deceased ward should, like the estate of any other deceased person, be turned over as soon as possible, by the guardian, to the administrator or such other person or persons as by law may be determined to be entitled to it.
Easterline v. Bean, supra at 429. Where no administration of a ward's estate is necessary, the closing of a guardianship pursuant to section 408 results in the final distribution of the ward's estate. You have asked whether such a final distribution may be made without a finding that all inheritance taxes due the State have been paid.
Section 410 of the Probate Code provides in part:
 [N]o estate of a decedent shall be closed, unless the final account shows, and the court finds, that all inheritance taxes due and owing to the State of Texas with respect to all interests and properties passing through the hands of the representative have been paid.
Section 3(aa) of the Probate Code defines `representative' to include guardians. We note that under some provisions of the Code there would generally be no closing of an estate; the court does not ascertain the contents of the estate or order a specific distribution thereof. See, §§ 48, 89. However, when a guardianship is involved, section 408 requires a court to order the specific distribution of the estate. When no administration of the ward's estate is to take place, in our view this distribution upon the closing of the guardianship is a closing of an estate within the meaning of section 410. Accordingly, in our opinion the final account of a guardian of a deceased ward must show, and a court must find, that all inheritance taxes due the State have been paid prior to the distribution of the estate to the ward's heirs.
 SUMMARY
Section 410 of the Probate Code requires that a court find that all inheritance taxes due the State have been paid prior to the court's distribution of a ward's estate upon the closing of a guardianship where the estate will not be further administered.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee