

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 11, 1977

The Honorable Henry Wade
District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. H-989

Re: Necessity of inheritance
tax receipt prior to distri-
bution of estate of ward under
section 408 of Probate Code.

Dear Mr. Wade:

You have requested our opinion concerning whether a
court may order the distribution of the estate of a deceased
ward at the closing of a guardianship without finding that
all inheritance taxes have been paid.

Sections 404 and 405 of the Probate Code provide for a
final accounting and the closing of a guardianship upon the
death of a ward. Section 408(b) provides in part:

> Upon final settlement of an estate . . . the
> court shall order . . . in case of a dece-
> dent, that a partition and distribution be
> made among the persons entitled to receive
> such estate.

In Easterline v. Bean, 49 S.W.2d 427 (Tex. 1932), the court
quoted from Young v. Gray, 60 Tex. 541 (1883), in which it
was stated:

> The estate of the deceased ward should,
> like the estate of any other deceased
> person, be turned over as soon as possible,
> by the guardian, to the administrator or
> such other person or persons as by law may
> be determined to be entitled to it.

Easterline v. Bean, supra at 429. Where no administration of
a ward's estate is necessary, the closing of a guardianship
pursuant to section 408 results in the final distribution of
the ward's estate. You have asked whether such a final dis-
tribution may be made without a finding that all inheritance
taxes due the State have been paid.

Section 410 of the Probate Code provides in part:

> [N]o estate of a decedent shall be closed,
> unless the final account shows, and the
> court finds, that all inheritance taxes due
> and owing to the State of Texas with respect
> to all interests and properties passing
> through the hands of the representative have
> been paid.

Section 3(aa) of the Probate Code defines "representative" to include guardians. We note that under some provisions of the Code there would generally be no closing of an estate; the court does not ascertain the contents of the estate or order a specific distribution thereof. See, §§ 48, 89. However, when a guardianship is involved, section 408 requires a court to order the specific distribution of the estate. When no administration of the ward's estate is to take place, in our view this distribution upon the closing of the guardianship is a closing of an estate within the meaning of section 410. Accordingly, in our opinion the final account of a guardian of a deceased ward must show, and a court must find, that all inheritance taxes due the State have been paid prior to the distribution of the estate to the ward's heirs.

## S U M M A R Y

Section 410 of the Probate Code requires
that a court find that all inheritance taxes
due the State have been paid prior to the
court's distribution of a ward's estate upon
the closing of a guardianship where the estate
will not be further administered.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

The Honorable Henry Wade - page 3   (H-989)

C. ROBERT HEATH, Chairman
Opinion Committee

kml