THOMAS ATKINSON & FRANCIS ATKINSON *v.* PASCHAL ALLEN.

If the county court allow a juror to sit in a cause, who is legally disqualified, this is cause for a new trial, or may be ground of error, but is no sufficient reason for arresting the judgment.

But the fact that one of the jury had been empannelled in the same cause at a former term, and sat and heard the testimony, a verdict being directed by the court, is no objection to the competency of the juror to try the cause.

Strangers and third persons, when a judgment of a court of justice is relied upon against them, may show it collusive and fraudulent, by testimony addressed to the jury.

The rule that a judgment of a court of competent jurisdiction cannot be attacked collaterally, extends only to those who are parties to the judgment, or privies, in interest or estate, to those who are parties.

EJECTMENT, for the whole of the first division of the right of Charles Murray, in Charleston, being lot No. 5. Plea, not guilty, and trial by jury.

Upon the trial in the county court, the plaintiffs introduced testimony tending to prove that, in 1806, one John Atkinson took possession of one hundred acres of the west part of said lot. The plaintiffs also read in evidence two deeds from John Atkinson to themselves, conveying the land in question, one dated in 1820, and the other in 1821; also, an act of the legislature, passed in 1819, authorizing the

plaintiffs to hold lands in this state. The possession of John Atkinson was continued until the fall of 1810, and then vacated until 1818, when he again took possession, and he and the plaintiffs, from that time, continued in possession until 1829, when the plaintiffs were evicted by one Alpha Allyn, who continued in possession until July, 1833. The plaintiffs did not connect their claim of title with Murray, the original grantee. The defendant was in possession of the land previous to, and at the time of the commencement of this suit. Here the plaintiffs rested.

The defendant then read in evidence a judgment of the county court, rendered at the June term, 1833, in favor of Charles Murray, of the city of London, in England, against Alpha Allyn, showing a recovery of the seizin and possession of said land; also a writ of possession, issued on said judgment, and the return of the officer thereon, showing that the writ had been duly executed; also, the deposition of E. H. Starkweather, an attorney of said court, who testified that sometime previous to the spring term of Orleans county court, 1833, he was employed to bring an action of ejectment in favor of Charles Murray, to recover the possession of first division lot of said Murray, No. 5, in Charleston; that he commenced a suit accordingly, returnable to the June term of said court, 1833; that judgment was rendered for the plaintiff, by default, and a writ of possession issued; that he, Starkweather, directed that Alpha Allyn be dispossessed of the land, and that Ebenezer S. Allen, be put in possession, to take care of the premises for said Murray; that said Ebenezer S. was accordingly put into possession, and from that time had the management of the premises for said Murray.

The defendant also introduced evidence to show that Abner Allen, from sometime in 1833, assumed to act as, and declared himself to be, the agent of Charles Murray, and that after said Abner's decease, Ebenezer S. Allen acted as the alleged agent of said Murray, and that the defendant was in possession of the land, under the said Ebenezer S.

The plaintiffs then gave evidence tending to prove that the action of ejectment in favor of Murray against Alpha Allyn, was commenced without Murray's knowledge; that he never recognized it, and that the judgment recovered therein

was collusive, colorable and fraudulent. To the admission of this evidence the defendant objected, but the court overruled the objection.

The defendant insisted, and requested the court to charge the jury, that the record of the judgment and writ of possession were conclusive upon the plaintiffs, and that they were precluded from showing any thing to impeach the judgment, and were bound to regard the suit as authorized by Murray. But the court refused so to charge and did instruct the jury, that the said judgment and writ of possession furnished a full defence and entitled the defendant to a verdict, unless it had been shown that said judgment was obtained and said writ of possession executed and the proceedings of the said Abner and Ebenezer S. Allen were had without the knowledge or sanction of Charles Murray, the original grantee; that the plaintiffs were not precluded from the right of avoiding the operation of that judgment by proving that the suit was thus unauthorized and fraudulent, but that, for this purpose, the burden of proof should rest upon the plaintiff, as these record proceedings should be presumed to have been had in good faith and upon proper authority until the contrary should be made to appear, and that the question, therefore, was, whether the evidence had proved, to the satisfaction of the jury, that all those proceedings, including the acts and declarations of the said Abner and Ebenezer S. Allen, were had without the knowledge or authority of the said Charles Murray? If they found such to be the fact, the plaintiffs were entitled to recover; otherwise their verdict should be for the defendant.

The jury returned a verdict for the plaintiffs to recover one hundred acres of the lot in question, and the defendant excepted to the decision and charge of the county court.

After the jury had returned the verdict, the defendant moved in arrest of judgment, for the cause following:—

No challenge or objection to any of the jurors was made until the evidence on the part of the plaintiff was closed, which had occupied the court for several hours. It was then suggested by the defendant and shown to the court, that three of the jurors, then sitting, were empannelled and sat as jurors in this cause at the June term, 1837, when a verdict passed for the plaintiffs. But it being conceded that said

verdict was ordered by the court, and signed accordingly, in court, and was not the result of any consultation of the jurors, the court refused to stop the trial. It did not appear that the fact, that said three jurors had previously been empannelled in the cause, was recollected by either of the parties or by their counsel, previous to the suggestion aforesaid.

The county court overruled said motion, to which decision also the defendant excepted.

*Johnson,* and *Cooper & Redfield,* for defendant.

The jurors who had been empannelled and had tried this case previously, should have been rejected ; and if they were not, this verdict should be set aside and a new trial granted. And if the court had taken the responsibility of directing the verdict at the first trial, still it does not obviate the objection, for the ground of the objection is, that these jurors had formed an opinion upon the facts put in issue, and the objection may be taken *after* verdict. 3. Black. Com. 363. Kirby's R. 13. 1 Sw. Dig. 738. 1 Johnson's R. 316. Johnson's Dig. 315.

The county court should judicially take notice of the jurors and officers of their own court.

2. The plaintiffs cannot be permitted to. dispute or impeach the judgment in ejectment in favor of *Murray* v. *A. Allyn.* 1 Tyler's R. 300. 2 Vt. R. 268. do. 575. 3 do. 415. 4 do. 58. We believe it a well settled doctrine that Murray himself could not be permitted to impeach this judgment, even though it be fraudulent and collusive, and without his knowledge or consent. (See the above cited cases.) If so, it is difficult to see how these plaintiffs can thus collaterally impeach the record by mere presumption, while they pretend no legal claim to the land, but only a priority of possession.

The officers of the county and supreme courts are under oath, and are not thus to be lightly treated or disregarded, and as Starkweather was an attorney of the court, he is presumed to have acted *not without authority.* 8 Johnson's R. 298. 1 Binney, 214, 469. 1 Salkeld, 86, 87. 6 Johnson's R. 295. 7 Pick. 137.

*Fletcher & Bartlett,* for plaintiffs, contended that the motion in arrest was correctly overruled in the court below, as the jurors, who were empannelled to try the cause, in 1837,did

not, in fact, try it. The court directed the verdict and the jurors, as matter of form, found for the plaintiffs, without having considered the evidence. They neither formed nor expressed any opinion upon the merits.

If the judgment in favor of *Murray* v. *Alpha Allyn*, was fraudulent and void and the proceedings of Abner and Ebenezer S. Allen were collusive and designed to cheat and defraud others of their just rights, as the jury have found by their verdict, there was no error committed by the county court in permitting the evidence to prove such fraud to go to the jury. A fraudulent judgment cannot bind strangers to the record.

The opinion of the court was delivered by

REDFIELD J.—The fact that the county court suffered a juror to sit in the trial of the cause, who was legally incompetent, was no ground for arresting the judgment. It was undoubtedly good ground for a new trial; and, probably, would have been good ground for reversing the judgment on exceptions, or writ of error. *Boardman* v. *Wood*, 3 Vt. R. 570.

But the mere fact that a juryman *sat* in the case, on a former trial, or had *formed* an opinion, if he had not given a verdict,or in any other way *expressed* that opinion, constituted no sufficient ground of challenge. This is very satisfactorily shown by the Chief Justice, in the opinion delivered by him, in the case last cited, where he goes into an elaborate revision of the decisions upon this subject. The rule is adhered to in the case of *French* v. *Smith*, 4 Vt. R. 363. In the present case, it did not appear that the jurors had even *formed* an opinion.

The only remaining objection made to the proceedings in the court below is, that the plaintiffs were suffered to attack the judgment in favor of Charles Murray against Alpha Allyn, collaterally, by showing that it was not *bona fide*, but colorable merely, got up by Allen to shield himself and his tenant, the defendant—Murray having no knowledge of the proceedings. It is obvious, that as the plaintiffs, and those under whom they claim title, had possession of the premises prior to Alpha Allen, and were forcibly ousted by him, they can upon this first seizin only, recover of Allen and all who

ORLEANS,
*August,*
1839.

Atkinsons
*v.*
Allen.

have entered, either under him, or upon his possession, whether with or without his consent, unless they can shield themselves under a title older and better than that of the plaintiffs. This they attempted by force of the judgment in favor of Murray, the original proprietor, against Alpha Allyn, he being put out of possession and the present defendant and those under whom he claims title, being put in under color of this judgment. This judgment the plaintiffs were permitted to avoid, by proof addressed to the jury, in the manner above stated. As the plaintiffs were neither parties, nor privy to this judgment, and could have brought no process or suit whatever to reverse or set it aside, they must be permitted to avoid the effect of the judgment in this manner, if at all. The rule that a judgment of a court of competent jurisdiction is conclusive, until reversed or in some manner set aside and annulled, and that it cannot be attacked collaterally, by evidence tending to show that it was irregularly or improperly obtained, only applies to parties and privies to the judgment, who may take proceedings for its reversal, and in no sense extends to strangers. It is obvious, if the facts found by the jury in this case are to be regarded, that the defendant is the tenant of Alpha Allyn, and has no more connexion with the title of Murray than if he had attempted to show title from him, by means of a *forged deed.* And it is not, for a moment, to be tolerated, that the rights of parties to the title of lands, are to be shifted and postponed, to their juniors, by merely colorable proceedings of this character. This mode of redress has always been allowed to strangers or third persons. *Dutchess of Kingston's* case, 11 State Tr. 230. *Crosby* v. *Leng,* 12 East, 409. *Lloyd* v. *Maddox,* Moore, 917. 11 State Tr. 262. 1 Stark. Ev. 6th Ed. 259.

The judgment of the county court is affirmed.