## JOHN MURCHISON ET AL. v. T. B. WHITE ET AL.

(Case No. 912.)

1. VOID AND VOIDABLE.—A void judgment is one so utterly null within itself, that it is not susceptible of ratification or confirmation, and its nullity cannot be waived. Such is the judgment of a court having no jurisdiction over the subject matter adjudicated. A voidable judgment is one rendered by a court having jurisdiction, but which is irregularly and erroneously rendered. Such a judgment is valid until vacated by a direct proceeding instituted for that purpose, or until reversed on appeal or writ of error; it becomes valid by failure within the proper time to have it annulled, or by subsequent ratification or confirmation.

2. COLLATERAL PROCEEDING — VOID JUDGMENT.— When, in a collateral proceeding, a record offered in evidence shows that a court rendering judgment had no jurisdiction of the subject matter or of the person, in a case where this was required, or that the jurisdiction had not attached in the particular case, the judgment should be excluded, its nullity being apparent from the record. In all other cases when a judgment is attacked for fraud or other matters *dehors* the record, it must be done in some direct proceeding instituted for that purpose and within the period prescribed by law.

3. COUNTY COURT — JURISDICTION.— The county court is, with reference to matters of probate, and pertaining to administration of estates, a court of general jurisdiction.

4. PRESUMPTION — COLLATERAL PROCEEDING.— When a probate court has opened jurisdiction in a matter of administration, under proceedings apparently regular, the presumption that its jurisdiction properly attached is conclusive on a collateral attack.

5. FRAUD — JUDGMENT.— Fraud perpetrated by a party in procuring a judgment does not render it absolutely void, but is only cause for having it declared void, in a proceeding instituted for that purpose and in proper time, as between parties and privies; a different rule applies to strangers to the proceeding, who may collaterally attack a judgment procured by fraud, whenever it is relied on to affect their rights.

6. BILL OF REVIEW.— A suit filed by heirs to set aside a judgment rendered by a probate court, for alleged fraud in the administrator in procuring it, must be filed within two years after the removal of disability, and is in substance a bill of review.

7. ADMINISTRATOR'S SALE.— A valid sale of community land, made under administration on the estate of a decedent, to pay community debts, passes both the title of the deceased and of a wife who survived him, but who died before the grant of letters of administration.

ERROR from Anderson. Tried below before the Hon. Peyton F. Edwards.

. Suit brought July 31, 1875, and on the 3d of June, 1878, an amended original petition was filed by leave of the court, by the heirs of T. B. White, deceased, and other heirs, against the heirs and executor of John Murchison, deceased, their assignees and others, in the form of an action in the nature of a bill of review to remove cloud from title, caused by alleged fraudulent administration, and to annul and set aside certain judgments and orders and proceedings of the county court of Anderson county, Texas, viz.:

Order of that court passed in November, 1869, granting letters of administration to J. A. Sensney, upon the estate of Stephen White, deceased; allowance of certain claims, and mortgage in favor of said John Murchison, deceased, against the estate.

Orders directing the administrator to sell 2,303 acres of the Stephen White league of land in Kaufman county, Texas, and approving the sale, and directing a deed to be made to John Murchison by the administrator, in 1869 and 1870. A deed by said Sensney, administrator of the estate of Stephen White, to John Murchison, to 2,303 acres of the S. White league in Kaufman county, dated January 21, A. D. 1870, on the grounds:

1st. That the county court of Anderson county had no jurisdiction, because Stephen White had a fixed domicile at the date of his death in Walker county, Texas, and not in Anderson county, Texas.

2d. That John Murchison and J. A. Sensney fraudulently colluded and combined to administer White's estate in Anderson county, for the interest and benefit of John Murchison, and with full knowledge that he had a domicile in Walker county.

The defendants below presented the following issues of law and fact by their answers:

1st. General exceptions.

2d. That it appeared more than two years had elapsed between the dates of the orders sought to be reviewed and set aside, and the filing of the suit, and that the plaintiffs were barred.

3d. That no tender was made of the amount due on the notes and mortgage discharged by administration and sale of land.

4th. That no sufficient allegations were made to constitute fraud.

And issues of fact as follows:

1st. General denial.

2d. Plea of limitation of two years.

3d. Plea of stale demand.

4th. Other special defenses not necessary to mention in view of the opinion.

*Greenwood & Gooch,* for plaintiff in error.

*Nunn & Williams,* for defendants in error.

I. The action of the probate court without jurisdiction is void. It is a nullity, and can be no basis for a claim in equity, especially when procured by the fraudulent conduct of the party claiming under it. Statement under second counter proposition, first assignment of error.

II. The probate court is created by statute; its powers and duties are defined and regulated, and its jurisdiction over the estate of a deceased person who had, at his death, a fixed domicile in the state, depended upon the fact that such domicile was in the county where such court assumed to act. Withers *v.* Patterson, 27 Tex., 501; George *v.* Watson, 19 Tex., 568; Duncan *v.* Vool, 49 Tex., 611; Loving *v.* McKinny & Williams, 7 Tex., 521; McMahan *v.* Rice, 16 Tex., 337; George *v.* Watson, 19 Tex., 369; 3 Redfield on Wills, 58; Cutts *v.* Hoskins, 9 Mass., 543; Holyoke *v.* Hoskins, 9 Pick., 543; Crosby *v.* Levitt, 4 Allen,

410; 5 Bac. Ab., 337, tit. "Void and Voidable;" 2 Lev., 23; Frumpton *v.* Pettis, 118; Bull's Nisi Prius, 66; Com. Dig., tit. "Administrator," B. 5; Smith *v.* Rice, 11 Mass., 512; Sigourney *v.* Sibley, 21 Pick., 101; Sumner *v.* Parker, 7 Mass., 82; Torrance *v.* Torrance, 3 Penn. St., 509.

BONNER, ASSOCIATE JUSTICE.— The material issues presented by the record in this case involve the right of the defendants in error, T. B. White *et al.,* to impeach the judgments of the probate court. of Anderson county, by which administration was granted upon the estate of Stephen White, and a sale of property ordered thereunder; *first,* for want of jurisdiction; *second,* on the ground of fraud.

I. Impeachment of the judgment for want of jurisdiction.

Much confusion on this subject has arisen from an indiscriminate use of the words *void* and *voidable.*

A void act is one entirely null within itself, not binding on either party, and which is not susceptible of ratification or confirmation. Its nullity cannot be waived.

Thus, the judgment of a court which does not have jurisdiction over the subject matter, is void and cannot be made a valid judgment, as in such case, different from that of jurisdiction as a personal privilege, it cannot be conferred by consent.

A voidable act is one which is not absolutely void within itself, but which is binding until disaffirmed, and which may be made finally valid by failure within the proper time to have it annulled, or by subsequent ratification or confirmation.

Thus, the judgment of a court having jurisdiction, if so irregularly or erroneously rendered as to make it liable to be vacated by a direct proceeding for this purpose, or to be reversed on appeal or writ of error, is nevertheless valid until thus vacated or reversed. McNamara on Nul-

lities; Cummings *v.* Powell, 8 Tex., 85; Cooley's Con.
Lim., 383, 398, 406, 409; Rorer on Judicial Sales, §§ 463–4;
id., §§ 466–7; Freeman on Judgments, ch. VIII.

It is believed that a careful analysis of the cases on
this subject will show that, in a collateral proceeding,
the only contingency in which the judgment of a domes-
tic court of general jurisdiction, which has assumed to act
in a case over which it might by law take jurisdiction of
the subject matter and the person, can be questioned, is
when the record shows *affirmatively* that its jurisdiction
did not attach in the particular case.   Freeman on Judg-
ments, §§ 131–4; id., § 334; Hammond *v.* Wilder, 23 Vt.,
346, cited approvingly in Christmas *v.* Russell, 5 Wall.,
307; Guilford *v.* Love, 49 Tex., 715; Fitch *v.* Boyer, 51
Tex., 337; Williams *v.* Ball, 52 Tex., 603.

This question in such a proceeding must be tried by the
recitals in the record itself and the presumptions arising
therefrom.   If they show a case of jurisdiction, then in
a collateral proceeding, upon grounds of public policy, the
record purports absolute verity and is conclusive.   Free-
man on Judgments, §§ 132–4.

If, however, from the record itself, it should affirma-
tively appear, either that the court did not have jurisdic-
tion of the subject matter, or of the person, in a case
where this was also required, or that the jurisdiction had
not attached in the particular case, then the question can
be raised upon objection to the record when offered in
evidence, and no affirmative proceeding need be prosecuted
to vacate it.   Being a nullity upon its face, it could not
legally be invoked against those whose just rights were
sought to be affected by it.

As a general rule, in all other cases where such judg-
ment is sought to be collaterally impeached by matters
*dehors* the record, and which must be sustained by proof
*aliunde,* as in case of alleged fraud of a party, this must
be done by some proper affirmative proceeding, and which

also, upon grounds of public policy, must be instituted within the time enjoined by law. Pearson *v.* Burditt, 26 Tex., 157.

Under our constitution and laws, the county court of Anderson county as a court of probate is one of record and of general jurisdiction in all matters relating to the administration of estates of deceased persons. Guilford *v.* Love, 49 Tex., 715; Williams *v.* Ball, 52 Tex., 603; Bumpus *v.* Fisher, 21 Tex., 567.

Its proceedings are in the nature of those *in rem.*

As said in Grignon's Lessee *v.* Astor, "on a proceeding to sell the real estate of an indebted intestate, there are no adversary parties; the proceeding is *in rem;* the administrator represents the land (11 S. & R., 432); they are analogous to proceedings had in admiralty, where the only question is the power of the court over the thing, the subject matter before them, without regard to the person who may have an interest in it; all the world are parties. In the orphans' court, and all courts which have power to sell the estates of intestates, their action operates on the estate, not on the heirs of the intestate; a purchaser claims, not their title, but one paramount. The estate passes to him by operation of law. The sale is a proceeding *in rem,* to which all claiming under the intestate are parties, which divests the title of the deceased." 2 Howard, 338. The act of 1848 (Pasch. Dig., art. 1260), under which the administration was sought in the county court of Anderson county, provides that "wills shall be admitted to probate, and letters testamentary and of administration shall be granted in the county where the deceased resided, if he had a domicile or fixed place of residence in the state. If the deceased had no domicile or fixed place of residence in the state, but died in the state, then either in the county where his principal property was at the time of his death, or in the county where he died." It does not affirmatively appear from the record in this case but that some of the

contingencies had happened which would have given jurisdiction to the probate court of Anderson county, and the petition was sufficient to admit evidence on this question. A more liberal rule applies to petitions in administration than that suggested in United States v. Arredonda, 6 Peters, 709, that if good on demurrer it would be an undoubted case of jurisdiction. If the averments are sufficient for the introduction of evidence upon the question of the death of the party upon whose estate administration is sought, and of the vacancy of administration thereupon, the judgment of the court, if it had jurisdiction over the subject matter, that this jurisdiction had attached in the particular case, is final and conclusive upon a collateral attack. Burdett v. Silsby, 15 Tex., 615; Lynch v. Baxter, 4 Tex., 442; Hudson v. Jurnigan, 39 Tex., 588; Alexander v. Maverick, 18 Tex., 195; Giddings v. Steele, 28 Tex., 749; Pleasants v. Dunkin, 47 Tex., 343; Kleinecke v. Woodward, 42 Tex., 311; Andrews v. Avory, 14 Grattan, 236; Fisher v. Bassett, 9 Leigh, 131; Irwin v. Scribner, 18 Cal., 499; Warfield's Estate, 22 Cal., 51; Lewis v. Dutton, 8 How. Pr., 99; Savage v. Benham, 17 Ala., 119; Wyman v. Campbell, 6 Porter, 219. To hold otherwise would virtually destroy the validity and sanctity due the proceedings of a court of probate and beget interminable confusion and litigation in regard to our land titles. Poor v. Boyce, 12 Tex., 451; Grignon's Lessee v. Astor, 2 How., 343; Tucker v. Harris, 13 Georgia, 1; Soye v. McCallister, 18 Tex., 98; Goforth v. Longworth, 4 Ohio, 129. The attack upon the judgment and proceedings of the probate court of Anderson county was not by a direct proceeding by bill of review in that court, or by appeal or error therefrom, but was a collateral proceeding in the district court for this purpose. The probate court of Anderson county had general jurisdiction over the subject matter of the administration of estates; it assumed jurisdiction in this case, and its proceedings appear upon the record to

have been regular, and the presumption that this jurisdiction properly attached, must, upon this question, in such attack, be held conclusive against the defendants in error, and the court below erred in not thus charging the jury.

II. Impeachment of the judgment and proceedings on the ground of fraud.

Upon the question of the effect of fraud in avoiding a transaction, much confusion has also arisen from want of proper limitation upon the maxim that fraud vitiates everything, even the solemn judgments of a court of record.

The fraud of a party does not render the transaction absolutely void within itself, but simply affords the ground to have it declared void by a proper proceeding for this purpose, and which should be instituted within the proper time. It is but the cause from which this effect can be obtained. Benjamin on Sales (2d ed.), 342–3; Pearson v. Burditt, 26 Tex., 157.

This principle, as between parties and privies, applies to judgments obtained by the fraud of a party. Freeman on Judgments, 334–6; Atkins v. Kinnan, 20 Wend., 241; Christmas v. Russell, 5 Wall., 290; Granger v. Clark, 22 Maine, 130; Anderson v. Anderson, 8 Ohio, 108; Railroad Co. v. Sparhawk, 1 Allen, 448; Homer v. Fish, 1 Pick., 435; Atkinson v. Allen, 12 Vt., 624; Simms v. Slocum, 3 Cranch, 307; Boyd v. Blankman, 29 Cal., 19.

An exception to this rule exists in favor of strangers to the judgment. Not having been parties, it is not res adjudicata as to them, and they do not have the right to vacate or reverse it by a proceeding for this purpose. From the necessity of the case, as a general rule, they are therefore permitted to set up the defense of fraud in obtaining a judgment, whenever it is attempted by it to affect their rights. Freeman on Judgments, secs. 334–6.

That there may be an end of litigation, this exception does not extend to parties and privies, but they are re-

quired within a reasonable time to have such judgment reversed by appeal or error, or vacated by bill of review, or bill in chancery in the nature of a bill of review. Voorhees v. Bank of United States, 10 Peters, 475.

Our statute in force at the date the proceedings were had, under which the sale of the land in controversy is here sought to be set aside, required appeals, writs of error and bills of review to be prosecuted within two years from the date of the judgment. Pasch. Dig., arts. 1382, 1496, 4616.

This has been construed to apply to a suit to bring into review the merits of an original judgment upon any other ground than its nullity. Chambers v. Hodges, 23 Tex., 110; Weaver v. Shaw, 5 Tex., 288.

In the case of Kleinecke v. Woodward, 42 Tex., 311, it is decided that a suit brought by heirs to set aside an administration sale, made by the administrator of the father, on the ground of fraud, is in substance a bill of review, and barred in two years after the removal of their disability.

This defense was expressly pleaded to the alleged fraud in this case, and the defendants in error failed to reply and bring themselves, and those under whom the minors claimed, without the bar of the statute.

As thus presented, the defense was good and should have been sustained.

III. A valid sale of community land, made under the administration upon the estate of T. B. White, to pay community indebtedness, would pass both the title of White and the surviving wife, who died prior to the grant of administration. Simmons v. Blanchard, 46 Tex., 267; Soye v. McCallister, 18 Tex., 99.

The opinion virtually disposes of the other questions in the case.

REVERSED AND REMANDED.

[Opinion delivered October 19, 1880.]