### JEREMIAH JONES v. A. M. LASATER.

#### (No. 4963.)

JUDGMENT voidable when petition alleges residence in one county and citation issues to another.

APPEAL from Parker county. Opinion by WATTS, J

STATEMENT.— November 21, 1882, Lasater brought this suit of trespass to try title against Jones to recover the land described in the petition, deriving title as follows: Bond for title from himself to Jones, dated January 18, 1881. Judgment in his favor and against Jones on purchase-money notes and foreclosure of vendor's lien. Sale by virtue thereof and purchase by Lasater, etc. Jones claimed that the judgment on the note was void because there was no service on him; also asserted defenses which might have been applicable in that suit. He averred that the petition in that case alleged that he was a resident citizen of Parker county, which was true; that no citation issued to that county, but was issued to Jack county, where he was temporarily attending court, and was there served by the sheriff of that county. An exception was sustained to the answer, and the trial, which was had August 10, 1883, resulted in a judgment for Lasater.

OPINION.— It is necessary to determine but one question, and that is as to whether or not the judgment through which appellee derives title to the land is subject to attack in a collateral proceeding. Such a judgment as that under consideration is only subject to collateral attack when it is void, or when its invalidity is apparent of record. Murchison *v.* White, 54 Tex., 78.

Appellant asserts that the judgment is void because the court had no jurisdiction over his person at the time it was rendered and that fact was shown by the records in the cause. The petition alleged that the defendant therein resided in Parker county, and prayed for judgment, and general relief, etc. Citation was issued directed to the sheriff or any constable of Jack county, which was accompanied by a certified copy of the petition, and was served by the sheriff of Jack county. The suit was brought in the district court of Parker county, and judgment was rendered by default upon the service had in Jack county.

This is a collateral attack upon the judgment, and the general rule is correctly stated in Freeman on Judgments, sec. 126.

The only defect was in the issuance of the writ to Jack county, whereas the petition alleged that Jones was a resident citizen of Parker county. The defect is not such as to render the judgment a nullity, but voidable only, and subject to be set aside or vacated, by the means and within the time provided by law; but as he failed to appear and assert his defenses in that suit he will not now be heard in this proceeding.

AFFIRMED.