## JEREMIAH JONES v. A. M. LASATER.

IN THE SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Judgment—Void or Voidable.*—Where the only defect shown is that the citation issued to Jack county, when the petition alleged that defendant was a resident

citizen of Parker county, the judgment is voidable only and not subject to collateral attack.

Appeal from Parker county.
Bidwell & Stevenson, for appellant.
McCall & McCall, for appellee.

### STATEMENT.

November 21, 1882, Lasater brought this suit of trespass to try title against Jones, to recover the land described in the petition, deriving title as follows: bond for title from himself to Jones, dated January 18, 1881, judgment in his favor and against Jones on purchase money, notes and foreclosure of vendor's lien, sale by virtue thereof, and purchase by Lasater, etc.

Jones claimed that the judgment on the note was void because there was no service on him; also asserted defenses which might have been applicable in that suit. He averred that the petition in that case alleged that he was a resident citizen of Parker county, which was true; that no citation issued to that county, but was issued to Jack county, where he was temporarily attending court, and was there served by the sheriff of that county. An exception was sustained to the answer, and the trial, which was had August 10, 1883, resulted in a judgment for Lasater.

### OPINION.

It is not necessary to determine but one question presented by the record, and that is as to whether or not the judgment through which appellee derives title to the land, is subject to attack in a collateral proceeding.

Such a judgment as that under consideration, is only subject to collateral attack when it is void, and when its invalidity is apparent of record. Murchison v. White, 54 Texas 78.

Appellant asserts that the judgment is void because the court had no jurisdiction over his person at the time it was rendered and that fact was shown by the records in the cause.

The petition alleged that the defendant therein resided in Parker county, and prayed for judgment and general relief, etc. Citation was issued directed to the sheriff or any constable of Jack county, which was accompanied by a certified copy of the petition, and was served by the sheriff of Jack county. The suit was brought in the

district court of Parker county, and judgment was rendered by default upon the service had in Jack county.

It is claimed that in law there was no service, and consequently the judgment is void. In support of that proposition the case of Ward v. Lattimer, 2 Texas 247, is cited. There the service was had in the same manner as in the case of Lasater v. Jones, but that case was before the court on a writ of error and the question was as to the irregularity of the service, and not as to the nullity of the judgment; hence the language used in that opinion, as in all others, must be considered with reference to the case then before the court.

True the court there said the service was a nullity and the defendant was not bound to pay any regard whatever to it ; but that was not necessary to a decision of the question before the court, and that expression of opinion must be considered as delivered *obiter* only, and in the course of argument by Justice Lipscomb.

This, however, is a collateral attack upon the judgment and the question is directly before the court for determination.

The general rule is correctly stated in Freeman on Judgments, sec. 126, in the following language: "If there is any irregularity in the process, or in the manner of its service, the defendant must take advantage of such irregularity by some motion or proceeding in the court where the action is pending. The fact that the defendant is not given all the time allowed him by law to plead, or that he was served by some person incompetent to make a valid service, or any other fact connected with the service of process, on account of which a judgment by default would be reversed upon appeal will not ordinarily make the judgment vulnerable to a collateral attack."

As said in Isaacs v. Price, 2 Dillon Circuit Court Rep. 351 : "A distinction is to be made between a case where there is no service whatever, and one which is simply defective, or irregular. In the first case the court acquires no jurisdiction, and its judgment is void; in the other case, if the court to which the process is returnable adjudges the service to be sufficient, such judgment is not void, but is only subject to be set aside by the court which gave it, upon reasonable and proper application, or reversed upon appeal."

Here the citation was issued by an officer authorized by law to issue the same, and was served by an officer authorized by law to make such service. The only defect was in the issuance of the writ to Jack county, whereas the petition alleged that Jones was a resi-

dent citizen of Parker county. Jurisdiction of the defendant was obtained by process and through the officers provided by law for that puapose, and while the service was irregular, the court having adjudged it sufficient, and having rendered judgment thereon while the judgment would have been reversed for the irregularity, upon appeal, still as appellant has failed to resort to the means furnished by law to have it vacated, for and on account of the irregularity, he will not now be heard to question its validity in this collateral proceeding. The defect is not such as to render the judgment a nullity, but voidable only, and subject to be set aside or vacated, by the means and within the time provided by law. As the appellant failed to appear and assert his defenses in that suit, he will not now be heard to assert them in this proceeding.

Our conclusion is, that the court correctly sustained the exceptions to the answer of appellant, and as there is no error in the judgment it ought to be affirmed.          Watts, J.