Opinion by
Hurt, J.
§ 695. Judgment cannot be attacked collaterally, when; case stated. This is a suit to try the right of property to certain cattle. King sued one Ealph, and caused an attachment to issue in the suit which was levied upon the cattle in controversy. In said suit judgment was rendered for King for his debt, and his attachment lien upon the cattle was foreclosed, and the cattle ordered to be sold. Wakefield then claimed the cattle and filed oath and bond under the statute. Upon a trial in justice’s court Wakefield recovered judgment establishing his. right to the cattle. King appealed to the county court,, where the cause was tried by the judge without a jury, and a judgment was rendered for King against Wake-field and the sureties upon his claim bond. In his issues tendered in the case Wakefield attacked the validity of the judgment obtained by King against Ealph, upon the' grounds that it was absolutely void, because Ealph had. not been cited to appear at a regular term of said justice’s court, and because said judgment was not rendered at a regular term of said court. He offered evidence to prove these grounds of objection, which was rejected. Held, the rejection of such evidence was not error. The justice’s record showed that citation in the suit had issued for Ealph March 24, 1884, returnable to the April term of said court, and was returned executed April 24, 1884, and the judgment was rendered April 30, 1884. In a collateral proceeding, the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject-matter and the person, is when the record shows affirmatively that its jurisdiction did not attach in the particular case. [Guilford v. Love, 49 Tex. 715; Murchison v. White, 54 Tex. 78; Freeman on Judg. §§ 133, 134, 334.]
*612 May 13, 1885.
§ 696. Jurisdiction; question of, how tried., This question of jurisdiction in the justice’s court must be tried by the record alone, and the presumptions arising therefrom. If the record does not show a want of jurisdiction, it will be, in a collateral proceeding, held to import jurisdiction conclusively. If, however, from the record itself, it affirmatively appears that the court did not have jurisdiction of the subject-matter or the person, in a case when this was also required, or that the jurisdiction had not attached in the particular case, then the question can be raised by objection to the record when offered in evidence in a collateral proceeding; or if a party wishes to rely upon the fact that the judgment is void, he may introduce the record, and thereby show the fact. [52 Tex. 79.]
§ 697. Justices’ courts are courts of general jurisdiction. Under the constitution and laws of this state, justices’ coui’ts, with reference to this question of a collateral attack upon a judgment, are treated as courts of general jurisdiction. [Williams v. Ball, 52 Tex. 603.]
Affirmed.