### IVER M. PETERSEN v. STATE OF TEXAS.

Decided June 22, 1905.

**Aliens—Admission to Citizenship—State as Party.**

Where an alien obtained an order from the County Court admitting him to citizenship of the United States the State of Texas had no such interest in the proceeding as would authorize it to maintain an action to set aside the judgment on the ground that it was procured by fraud and perjury. The subject is one over which Congress has control, and the court exercises in the matter a federal authority and acts as a federal agent.

Error from the County Court of Galveston. Tried below before Hon. Lewis Fisher.

*R. H. & Alice S. Tiernan* and *John Grothgar,* for plaintiff in error.— Unless specially provided by law the State of Texas, acting through its officers, has no right to maintain an action against a party, unless the said State has some property right involved in the matter in controversy. Constitution, art. 5, sec. 21; Art. 32, Code Crim. Proc.; State v. Southern Pacific Co., 24 Texas, 80; Murchison v. White, 54 Texas, 85; People v. Booth, 32 N. Y., 397; Farmers Loan & Trust Co. v. Railway Co., 68 Fed. Rep., 412; 26 Am. & Eng. Enc. of Law (2d ed.), 485.

*John T. Wheeler, George Q. McCracken* and *Jas. B. & Chas. J. Stubbs,* for defendant in error.—It may be conceded that a private citizen may not institute a suit to set aside such a decree as is here involved, but the State of Texas has that right equally with the United States, and the county attorney is required to represent the State in the County Court. Constitution, art. 5, sec. 21; United States v. Kornmehl, 89 Fed. Rep., 10; 2 Cent. Dig., cols. 215-216. "The civil authorities should institute a proceeding of this character." Re McCarran (N. Y.), 23 L. R. A., 835; Re Shaw, 2 Pa. Dist. Rep., 250, cited in the New York case, holds that Federal, State or county officers may bring such a suit.

GILL, ASSOCIATE JUSTICE.—As a result of proceedings duly instituted for that purpose in the County Court of Galveston County Iver M. Petersen, an alien, obtained an order of said court admitting him to citizenship of the United States. The date of the order was February 25, 1903, and a certificate in due form was issued to the applicant by the clerk of the court.

On the 28th day of March, 1904, John Wheeler, in his capacity

as county attorney for the county of Galveston, filed a petition in said court in the name of the State of Texas, the object of which was to set aside the judgment of the court on the ground that it had been procured by fraud and perjury.

The defendant resisted the proceeding on the ground, among other things, that the State of Texas had no such interest in the judgment as would authorize it to institute and maintain this action. The trial court overruled all objections to the petition, heard evidence and set aside its former judgment on the ground that it was procured by fraud and perjury as alleged.

The defendant Petersen has appealed, and one of the errors assigned is the action of the trial court in holding that the State of Texas had such an interest in the judgment as authorized it to maintain a proceeding to set it aside. We dispose of the appeal on this assignment. It is well settled in this State that a party to a suit may, after the expiration of the term at which a judgment therein is rendered, have the judgment set aside and vacated upon a showing that it had been obtained by fraud and perjury practiced by the winning party upon the court and the party complaining of it, where the acts complained of were of such a nature as to throw the complainant off his guard and prevent a fair trial upon the facts. But the necessity of confining to parties and their privies the right thus to assail a judgment has always been recognized. (Murchison v. White, 54 Texas, 85.)

Does the State of Texas occupy such a relation to the judgment in question as to justify the conclusion that it is a party at interest in the sense in which that term is used when applied to parties to suits and judgments? It seems to have been held that a judgment admitting an alien to citizenship may be assailed by the civil authorities. (In re McCarran, 23 L. R. A., 835 (N. Y.), Shaw's Case, 2 Pa. Dist. Rep., 250, and Commonwealth v. Pape, Brewst. (Pa.), 263, are cited in Mc-Carran's Case as in point, but we have not had access to those cases. In McCarran's Case, supra, it is held that the suit can not be maintained by a private individual, even on allegations that property rights depend upon the status of the alleged alien as a citizen.

So far as we know there is a dearth of authority on the question, and as the asserted right is not referable to any statute we are driven to resolve it by a reference to well settled general principles. The right to make laws admitting aliens to citizenship is vested in Congress, and is not possessed by the States. Congress has exercised the right, and an alien desiring to become a citizen may make the prescribed showing in a State Court. The proceeding is strictly ex parte, and the court in hearing and disposing of the cause exercises a federal authority and acts as a federal agent. (Van Dyne on Citizenship, p. 64.)

By what authority the State Courts act in such matters is a question upon which the authorities are conflicting, and we have not time to review them. We think, however, the better reason is with the conclusion we have reached upon the point.

That such decrees have the nature and force of judgments and are not subject to collateral attack seems to be fairly well settled. The result of such a decree is to admit the applicant to federal citizenship, and not to citizenship in any particular State. Citizenship in any particular

State is acquired by residence therein for the length of time required by the laws of the particular State. It will not do to say the State has the right to interpose because one of its courts had been defrauded and imposed upon, for if that principle is admitted, then for a like reason the State can set aside a judgment procured at the suit of one individual against another. It is well understood that in such a case the State goes no further than to give the injured party the right to interpose and punishes the perjury by criminal prosecution.

If the State is permitted to intervene alone upon the ground that State citizenship may be predicated upon the judgment assailed, she could with equal reason assail a like judgment of a Federal Court or the court of another State. This illustrates the unsoundness of appellee's contention and we are sure counsel for the State will not carry the contention to such a length.

To our minds the conclusion is inevitable that the State was in no sense either a party or a privy to the original proceeding, and we can think of no principle upon which she can now be admitted as such. That there is no provision for the intervention of the States to set aside such judgments fraudulently obtained is to be deplored, but the remedy rests with Congress, and that body seems to have been content to denounce a criminal punishment against the use of certificates of citizenship obtained by fraud. We regret that we have not been able to enter into a more extended review of this interesting question and a more thorough investigation of authorities, but the near approach of the end of the term and the pressing nature of other business forbids. We are well satisfied with our conclusion and on account of the nature of the right involved deem it proper to announce our conclusion now rather than postpone it to the opening of the next term.

For the reasons given we are constrained to hold that the State was without right to maintain this action. The judgment of the trial court is therefore reversed and the cause dismissed.

*Reversed and dismissed.*

Application for writ of error dismissed for want of jurisdiction.